**THE STATE OF FLORIDA v. LILLIA N. G. FREAR**

20 So. (2nd) 481     January Term, 1945
January 23, 1945     Special Division B

J. *Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Atorney General, and *Stanley Milledge,* State Attorney, for appellant.

*Worley & Kehoe,* for appellee.

BUFORD, J.:

The appellee, having been indicted charged with murder in the first degree, procured writ of habeas corpus and upon hearing was remanded without bail. Thereafter she was brought on for trial under the said indictment which trial resulted in a mistrial because the jury was unable to agree on a verdict of guilty of any degree of unlawful homicide.

After trial, appellee made application under the provisions of Chapter 903 Fla. Statutes, 1941, to be released on bail. Upon hearing on the petition the circuit court made and entered an order allowing her to be released on bail in the sum of $3,000.00. From this order the State filed its notice of appeal and has brought the record here seeking review of such order.

We find no authority for review by the Supreme Court of an order of this sort either on behalf of the State or the Petitioner. The right of the State to appeal is fixed and circumscribed by Section 924.07 Florida Statutes, 1941, (same F.S.A.), which is as follows:

"924.07. Appeal by State.—An appeal may be taken by the State from:

"(1) An order quashing an indictment or information or any count thereof;

"(2) An order granting a new trial;

"(3) An order arresting judgment;

"(4) A ruling on a question of law adverse to the State where the defendant was convicted and appeals from the judgment;

"(5) The sentence, on the ground that it is illegal;

"(6) Judgment discharging prisoner on habeas corpus."

It will be observed that sub-paragraph 6 of the above quoted section provides for appeals by the State in habeas corpus cases only from a "judgment discharging prisoner." A judgment admitting to bail is not a judgment discharging prisoner. That this is true is too well settled to permit of serious question. In such cases the prisoner is not discharged but his custody is transferred from the keeper of the prison to the makers of his bail or bail bond and these custodians have the power and authority at any time to deliver the prisoner up to be reincarcerated and to thereby be relieved of the obligation of the bail bond.

It has been contended here that even though appeal on behalf of the State may not lie, the challenged order may be reviewed on certiorari. We do not think this position is tenable because the granting of bail in criminal cases after indictment is a matter within the discretion of the court having jurisdiction of the trial of the cause. See 8 C.J.S. page 77, Sec. 39, and authorities there cited.

It is elementary that the exercise of discretion is not subject to review on certiorari.

It is also contended that the judgment remanding petitioner to custody which was entered prior to the trial became res adjudicata and the trial court was without power to admit to bail when that judgment of remand stood unreversed. We do not think this is a tenable position because the record shows that after the entry of that judgment a trial was had which resulted in a mistrial and the record further shows, without objection having been made and without contradiction, that at the trial the States Attorney announced to the jury that the State would not contend that the evidence was sufficient to show the defendant guilty of murder in the second degree.

The record further shows that after the mistrial was declared the court lifted the ban of secrecy and was informed by a juror or jurors that the jury stood eight for conviction of murder in the second degree and four for acquittal.

This brought about a changed condition and, therefore, the court was no longer precluded by the former judgment of remand from entering such other or different judgment from that formerly entered.

It, therefore, follows that the court, not being bound by the former judgment of remand, could exercise its discretion as to whether or not it would admit petitioner to bail and that this exercise of lawful discretion cannot be reviewed on certiorari.

For the reasons stated, the appeal is dismissed.

So ordered.

CHAPMAN, C. J., TERRELL and SEBRING, JJ., concur.