**JOHN WHIDDEN v. THE STATE OF FLORIDA**

32 So. (2nd) 577          June Term, 1947
November 18, 1947          Special Division B

*Whitaker Brothers, Bell & Bell* and *Mary Schulman,* for petitioner.

*Mabry, Reaves, Carlton, Anderson, Fields & Ward* and *Earl D. Farr,* for respondent.

BUFORD, J.:

The controlling question for us to determine on this petition for certiorari is whether or not an order of the county judge quashing an affidavit purporting to charge a criminal offense of which the county judge had trial jurisdiction is reviewable by the circuit court on appeal by the state.

The state's right to appeal is purely statutory, and is found in Sections 924.07 and 924.08, Fla. Stat. 1941 (same F.S.A.).

Section 924.07 is as follows:

"924.07. Appeal by state.—An appeal may be taken by the state from:

"(1) An order quashing an indictment or information or any count thereof;

"(2) An order granting a new trial;

"(3) An order arresting judgment;

"(4) A ruling on a question of law adverse to the state where the defendant was convicted and appeals from the judgment;

"(5) The sentence, on the ground that it is illegal;

"(6) Judgment discharging prisoner 'or habeas corpus."

Section 924.08 is as follows:

"924.08. From what courts appeals lie.—Appeals lie to the supreme court from the circuit courts in criminal cases in which said circuit courts have original jurisdiction, and from

the criminal courts of record in cases of felonies of which said criminal courts of record have jurisdiction, and from the court of record in and for Escambia County in all criminal cases of which jurisdiction is granted to said court of record; and appeals lie to the circuit court in misdemeanor cases from criminal courts of record, courts of crimes, court of a county judge, court of justice of the peace and county courts."

We must gather the legislative intent from the language used and the purpose to be accomplished.

We hold that it was the evident legislative intent, as evidenced by the two sections above quoted, to extend to the state the right of appeal in all cases where the trial court shall quash the formal charge made in such court so having trial jurisdiction.

To hold otherwise would be to determine that the legislature intended to accord to the state the right to appeal from the county judges court, in cases where that court has trial jurisdiction, of an order granting a new trial, an order arresting judgment or a ruling on a question of law adverse to the state where the defendant was convicted and appealed from the judgment, and yet not accord the state the right to appeal from the most adverse order the trial court could enter. If the state cannot appeal from an order quashing the formal charge made against the defendant, then the state's hands are tied at the very inception of the prosecution, and there is no relief from such adverse ruling. The result would be that in counties having no county court or criminal court of record or court of crimes the prosecution of any misdemeanors punishable by fine not exceeding five hundred dollars or imprisonment nor exceeding six months could be ambushed at the court house door by the county judge holding the statute, on which the prosecution is based, to be unconstitutional. We do not think the legislature intended this result.

We construe the word "information," as used in the statute, to mean the formal complaint required to be made in a court of competent jurisdiction on which the accused may be tried in that court. Sec. 4, Bla. Com. 308.

It therefore follows that the state was authorized to appeal from the order of the county judge quashing the affidavit,

which we hold to be an information within the purview of the statute, supra.

No reversible error having been made to appear by the petition for certiorari, the same is denied.

TERRELL, Acting Chief Justice, and ADAMS, J., concur.

BARNS, J., concurring specially.

BARNS, J., concurring specially:

The making and filing of the affidavit was prerequisite for the issuance of the warrant (see 937.02 F.S.A.) and, upon the return of the warrant, the accused was subject to trial upon the affidavit (937.03 F.S.A.).

As noted in the opinion of Mr. Justice Buford, the State may appeal from an order quashing an information. 924.07 (1) F.S.A.

The affidavit under Sections 937.01, 937.02 and 937.03, F.S.A., serves as an "information" as referred to in 924.07 (1) F.S.A. and it follows that for all intents and purposes the County Judge's order was an order quashing an information which was appealable by the State, pursuant to Section 924.07 (1), supra.

TERRELL, Acting Chief Justice, and BUFORD, J., concur.