322 So.2d 520 (1975)
CASTLEWOOD INTERNATIONAL CORPORATION, Etc., et al., Petitioners,
v.
Dianne LaFLEUR and Edward LaFleur, Respondents.
No. 45640.
Supreme Court of Florida.
October 29, 1975.
Rehearing Denied January 22, 1976.
*521 Thomas E. Scott, Jr., of Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami, for petitioners.
Irma V. Hernandez, of Sepler & Sussman, Hialeah, for respondents.
ENGLAND, Justice.
By petition for a writ of certiorari brought under Fla. Const. art. V, § 3(b)(3), we are asked to review a decision of the Third District Court of Appeal, reported at 294 So.2d 21, which is allegedly in conflict with prior appellate decisions of Florida. The requisite conflict exists between the decision below and Cloud v. Fallis, 110 So.2d 669 (Fla. 1959), and certiorari is granted.
On the merits, we find that the district court erroneously reversed the trial court's order directing a new trial on the issue of punitive damages, by failing to apply the rule of law enunciated in Cloud. For that reason we vacate the decision below and direct the court to reinstate the trial court's order requiring a new trial on that issue.
This matter was tried on a complaint which alleged intentional assault and battery, negligence, and wanton and willful misconduct by the individual defendant, Holland, in the course of his employment for the corporate defendant Castlewood. The latter allegation would form the basis for imposing punitive damages if appropriate evidence were adduced, and there is no controversy between the parties as to the legality of having submitted that issue to the jury in this case. The basic facts giving rise to the controversy, which are set forth in the opinion below, are unnecessary for our determination. In this Court the sole controversy is whether the trial court was correct in granting a motion for new trial on the issue of punitive damages after the jury had awarded both compensatory and punitive damages against the defendants.
At the close of defendant's case the trial judge charged the jury, in accordance with the requests of the parties, on the legal requirements for liability and for damages. In this there was admittedly no error. On his own, however, the trial judge also charged the jury as to the legal definition of "gross negligence", although that issue was not an element of the case.[1] The jury charges were presented in "standard" sequence, based on the numerical chronology of Standard Jury Instructions as adopted by this Court in 198 So.2d 319 (Fla. 1967). The sequence of instructions was a definition of mere negligence, a definition of gross negligence, an explanation of the damages recoverable for negligence, a definition of willful and wanton negligence, and an explanation of the damages recoverable for that conduct.
After jury verdicts had been received, a hearing was held on defendants' motion and the court ordered a new trial on the issue of punitive damages. The order states that harmful error was committed by giving two gross negligence charges to the jury, and that defendants did not *522 have a fair trial on that issue. The Third District Court of Appeal disagreed and reversed the order, stating they did not believe the jury was confused. In that, the district court erred.
Since at least 1962, it has been the law of Florida that a trial court's discretion to grant a new trial is "of such firmness that it would not be disturbed except on clear showing of abuse... ." Cloud v. Fallis, 110 So.2d 669, 672 (Fla. 1959).[2] A heavy burden rests on appellants who seek to overturn such a ruling, and any abuse of discretion must be patent from the record. See Hendricks v. Dailey, 208 So.2d 101, 103 (Fla. 1968); Russo v. Clark, 147 So.2d 1, 3-4 (Fla. 1962). The required showing is more difficult in this case because, unlike other cases, the prejudicial error which required a new trial was injected into the case by the judge himself. Under these circumstances his view of the need for corrective action should be accorded additional weight.
In this case there is no suggestion of abuse by the district court, and our independent review of the record discloses none. Mere disagreement from an appellate perspective is insufficient as a matter of law to overturn a trial court on the need for a new trial.[3] The trial judge "was in a much better position than an appellate court to pass on the ultimate correctness of the jury's verdict." Pyms v. Meranda, 98 So.2d 341, 343 (Fla. 1957).
The opinion below is vacated, and the Third District Court of Appeal is directed to reinstate the trial court's order for a new trial on the issue of punitive damages.
ADKINS, C.J., ROBERTS, J., and CHAPPELL and WILLIAMS, Circuit Judges, concur.
OVERTON, J., concurs with an opinion.
OVERTON, Justice (concurring).
I strongly concur in the opinion by Mr. Justice England. The judicial discretion of a trial judge is necessary to ensure the effective operation of our court system and the fair administration of justice. Judicial discretion has been defined as: "The power exercised by courts to determine questions to which no strict rule of law is applicable but which, from their nature, and the circumstances of the case, are controlled by the personal judgment of the court." 1 Bouvier's Law Dictionary and Concise Encyclopedia (8th Edition).
The trial judge is given this discretionary power because it is impossible to have a strict rule of law for every conceivable situation that might occur in the course of a judicial proceeding. A trial judge, in carrying out this discretionary authority, has the responsibility to see that justice prevails. The application of this discretionary power involves certain standards and guidelines. It must be logically applied. This discretionary power was never intended to be exercised in accordance with the whim or caprice of a judge. Nor should the judicial action be inconsistent. In dealing with cases essentially alike, as in all law, when the facts are the same, the result must be the same. As to the standards by which a judge must exercise this *523 discretionary power, the following quotation from Justice Cardozo is appropriate:
"The judge, even when he is free, is still not wholly free. He is not to innovate at pleasure. He is not a knight-errant, roaming at will in pursuit of his own ideal of beauty or of goodness. He is to draw his inspiration from consecrated principles. He is not to yield to spasmodic sentiment, to vague and unregulated benevolence. He is to exercise a discretion informed by tradition, methodized by analogy, disciplined by system, and subordinated to `the primordial necessity of order in the social life.' Wide enough in all conscience is the field of discretion that remains."
Benjamin Cardozo, The Nature of the Judicial Process, Yale University Press (1921).
Recognizing that a strict rule is not possible in every conceivable situation, the trial judge is given the discretionary power because he is on the scene and can actually see, hear, and observe all the participants in the trial and therefore has a superior vantage point as compared to those of us on the appellate court who must look at a bare record. The authority is generally given in trial procedure,[1] although there are substantive law areas such as child custody,[2] bail,[3] sentencing,[4] and specific performance[5] that depend upon the trial judge's special on-the-scene insight. In addition, the trial court is given discretionary authority in the administrative operation of the courts.[6]
The judicial determination on a motion for a new trial has historically been a discretionary function of the trial court. It places the full weight of the discretionary power on the trial judge. This discretionary power to grant or deny a new trial emanates from the common law principle that it is the duty of the trial judge to prevent what he considers to be a miscarriage of justice. The historical origin is set forth in Aetna Casualty & Surety Co. v. Yeatts, 122 F.2d 350 (4th Cir.1941). It is important to recognize that the discretionary authority does not allow the trial judge to enter a judgment for one or the other litigant or to deny him a jury trial, but only allows him to grant another trial in order to correct the mistakes or to avoid the problem or problems he believes from his observation to have caused a miscarriage of justice.
Where a trial judge is applying a rule of law such as ruling on a motion for a directed verdict, this is not a discretionary act, and an appellate court may substitute its judgment for that of the trial judge. However, where the act of the trial judge is a true discretionary act, the test of reviewability is entirely different. It is well illustrated by Mr. Justice England's comment and quote from Cloud v. Fallis, 110 So.2d 669, 672 (Fla. 1959), that "it has been the law of Florida that a trial court's discretion to grant a new trial is `of such *524 firmness that it would not be disturbed except on clear showing of abuse... .'"
Courts in other jurisdictions have made similar statements. Numerous federal courts have adopted the rule that the granting or reviewing of a new trial is a matter resting in the sound discretion of the trial judge, and that his action thereon is not reviewable upon appeal save in the most exceptional circumstances. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147 (1940); Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439 (1933); Barnes v. South Carolina Public Service Authority, 120 F.2d 439 (4th Cir.1941).
A California court has said that it is a general rule that the judge's conclusion "should not be disturbed unless, under all the circumstances appearing, it is plainly wrong." Lafargue v. United Railroads, 183 Cal. 720, 724, 192 P. 538, 540 (1920). The Wisconsin Supreme Court has said, "... discretion will not be reviewed unless there is an abuse of it; that is, unless it appears that it was exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable. That would be its abuse." Murray v. Buell, 74 Wis. 14, 18, 41 N.W. 1010, 1011 (1889).
What is the test that an appellate court must apply to review a discretionary act of a trial judge? In an extended comment about the discretionary power, a federal court said: "Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." Delno v. Market Street Railway Company, 124 F.2d 965, 967 (1942).
It is my opinion that in reviewing a true discretionary act of a trial judge, the appellate court must fully recognize the superior vantage point of the trial judge and apply the "reasonableness" test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court's action was unreasonable and that it had abused its discretion.
In the instant case the trial judge had the responsibility to make sure that there was no miscarriage of justice. It was his opinion that the defendants did not have a fair trial on the issue of punitive damages. There is no showing in this record that his action was arbitrary, unreasonable, or untenable, and, therefore, his decision must be affirmed.
NOTES
[1] As a basis for our jurisdiction petitioner has alleged that the opinion below conflicts with established principles of Florida law which recognize three levels of negligent conduct, and which distinguish between second level "gross negligence" and third level "willful and wanton negligence". E.g., Carraway v. Revell, 116 So.2d 16 (Fla. 1959); Florida Southern Ry. v. Hirst, 30 Fla. 1, 11 So. 506 (1892). No conflict is present because the district court only ruled that the jury was not confused beyond understanding by the trial court's charges on gross negligence.
[2] Indeed, a stronger showing is required to upset an order granting a trial than is required for an order denying a new trial. Cloud v. Fallis, 110 So.2d 669, 673 (Fla. 1959).
[3] This is equally true whether error arises during the conduct of the trial or out of the judge's charges to the jury. Charges to a jury are the legal heartbeat of the case, being all that the jury has by which to assess the facts. Rodriguez v. Gonzalez, 157 So.2d 848, 851 (2d Dist.Ct.App.Fla. 1963), cert. denied, 165 So.2d 463 (Fla. 1964). It is virtually impossible for an appellate court to know whether a jury was misled or confused by an admixture of erroneous and proper jury charges. Cf., McCullum v. Florida Power & Light Co., 125 So.2d 754, 755 (3d Dist.Ct. App.Fla. 1961), aff'd, 140 So.2d 569 (Fla. 1962).
[1] Most discretionary acts are found in this area of the law. The following are some examples: Control of the scope of voir dire examination, Mizell v. New Kingsley Beach, Inc., 122 So.2d 225 (Fla.App.1st 1960); opening statements, Juhasz v. Barton, 146 Fla. 484, 1 So.2d 476 (1941); Woods v. State, 154 Fla. 203, 17 So.2d 112 (1944); evidentiary matters, such as scope of cross-examination, Dabney v. Yapa, 187 So.2d 381 (Fla.App.3d 1966); and, competency of witnesses, Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376 (1941); motion for mistrial, Wirt v. Fraser, 158 Fla. 777, 30 So.2d 174 (1947); motion for new trial, Cloud v. Fallis, 110 So.2d 669 (Fla. 1959).
[2] Grant v. Corbitt, 95 So.2d 25 (Fla. 1957).
[3] State v. Frear, 155 Fla. 479, 20 So.2d 481 (1945).
[4] Wallace v. State, 41 Fla. 547, 26 So. 713 (1899).
[5] Miller v. Gardner, 144 Fla. 339, 198 So. 21 (1940).
[6] State ex rel. Evans v. Chappel, 308 So.2d 1 (Fla. 1975). The foregoing are examples only and are not intended to be all inclusive.