George H. Sheldon Representative, 69th District Tallahassee
QUESTION:
If the low bid made for class B public printing is submitted by an out-of-state printing firm, and if the particular printing services required are not reasonably procurable within the State of Florida, may the contract be let to the out-of-state firm when no Florida firms have submitted bids for the same job?
SUMMARY:
Public printing of the state based upon reasonable specifications, where there are no Florida concerns prepared to submit responsible competitive bids thereto, may be let out to and executed by out-of-state printing firms. Sections 283.03, 283.10, and 287.102, F. S.
Section 283.03, F. S., provides that `[a]ll the public printing of this state shall be done in the state . . . .' Additionally, s. 283.10, F. S., specifically requires class B printing be let to the `. . . lowest responsible bidder who shall manufacture the same within the state.' And, under the provisions of ss.287.012(2) and 287.102, F. S., class B printing is also defined as a commodity within the purview of Ch. 287, F. S., regulating purchasing by state agencies, and requires state printing be done in the state. See also Division of Purchasing Rule 13A-1.13(2), F.A.C.
Statutes relating to the same thing or class of things may be regarded in pari materia. See Sanders v. State ex rel. Shamrock Properties, Inc., 46 So.2d 491 (Fla. 1950). To ascertain legislative intent, statutes in pari materia must be examined regarding language used and purpose. State ex rel. Harris v. Bowden, 150 So. 259 (Fla. 1933); Whiddon v. State, 32 So.2d 577
(Fla. 1947). As required by the foregoing rules of statutory construction, Chs. 283 and 287, F. S., must be read together.
Your question appears to assume the fact that the specifications for the proposed printing contract were reasonable in nature and intended to accomplish a valid need and were not comprised in an arbitrary manner or designed for the purpose of eliminating competitive bidding within Florida. Such capriciousness, if present in the specifications, would lead to an invalid bid offering. See Robinson's, Inc. v. Short, 146 So.2d 108 (1 D.C.A. Fla., 1962); Mayes Printing Co. v. Flowers, 154 So.2d 859 (1 D.C.A. Fla., 1963); and AGO's 068-77 and 068-50.
Given the situation presented wherein reasonable specifications brought forth no response from Florida bidders but did evoke responsible bids from out-of-state printing firms, the Florida Supreme Court appears to have spoken dispositively on the issue. In the case of State ex rel. W. R. Clark Printing and Binding Co. v. Lee, 158 So. 461 (Fla. 1934), the high court was presented with a mandamus proceeding by an out-of-state printing firm whose bill for printing services performed was refused by the Comptroller based on Ch. 283, F. S., (formerly codified as Ch. 14324, 1931, Laws of Florida). The facts demonstrated that no Florida printing firms were able to bid on the project due to their inability to meet the specifications. The court first noted the purpose and effect of the statutory requirement as follows at p. 462:
 The requirement of the Florida Statutes that all public printing shall be so awarded that it will be done within the State of Florida within printing plants located within the State carries with it the necessary implication that the particular service essential to the execution of a particular `job' shall be reasonably procurable in the State of Florida at the time the job or contract for it is to be let; the purpose of the law being to favor with the state's printing business those printing plants and shops doing business in Florida, which may be capable and desirous of fulfilling the particular printing requirements of state departments and other state agencies having need for the procurement of public printing for their use.
After noting the statutory requirement that printing must be done in the State of Florida, the court set forth the following exception to the statutory prescription at p. 464:
 But if there were, at the time, within the State of Florida, no such competing Florida firms who were prepared to furnish to the state motor vehicle commissioner required blanks or forms (though printed) of the particular design or special type, kind, or character specified by him, . . . then the state motor vehicle commissioner committed no violation of the statute in making a purchase of same elsewhere, or in having the work done by a plant or firm not carrying on its work within the State of Florida.
The Court went on to state at pp. 464-465:
 Such statutory requirements necessarily imply that conditions shall exist in the state under which the particular requirements for a particular job can be fulfilled, because no purpose is evidenced by the statute to handicap or restrain officers and departments in the kind of printing that they may have done. The only limitation is that, if the work can be procured to be done within the State of Florida by one of two or more competing Florida firms having plants in this state, and prepared to execute the work in this state, then the class of persons who are eligible to become bidders shall be restricted to Florida concerns and Florida printing establishments only, and that no such work shall be let to any other class of bidders, nor any funds disbursed to the latter class therefor.
See also State ex rel. Kudner v. Lee, 7 So.2d 110 (Fla. 1942), and AGO 052-218.
Your question is answered in the affirmative.
Prepared by: Joseph W. Lawrence II, Assistant Attorney General