PER CURIAM.
The State seeks review of an order releasing juveniles from custody following a detention hearing. Two juveniles were taken into custody for alleged delinquent acts. Section 39.03(l)(b), Florida Statutes (1977). Requests for detention were filed alleging that continued detention was required to protect the person or property of others or the child and to secure the child’s presence at the next hearing. Section 39.03(3)(c), Florida Statutes (1977). A detention hearing was held pursuant to Section 39.03(7)(a), Florida Statutes (1977) and Fla.R.Juv.P. 8.050. The court ordered the children released from detention.
We find no authority for review of this order by the State. Fla.App. Rule 4.2 (1962).[1] The State submits that the challenged order may be reviewed on certiorari. See State v. Smith, 260 So.2d 489 (Fla.1972). We treat the notice of appeal as a petition for writ of certiorari.
The State contends the juvenile court departed from the essential requirements of law by ruling that hearsay evidence was inadmissible at the detention hearing. Fla.R.Juv.P. 8.050(f) provides the court should determine at the detention hearing the need for detention or shelter *187 care and the existence of probable cause to believe the child is delinquent, dependent or ungovernable. Fla.R.Juv.P. 8.050(f)(1) provides that in making the determination of the need for detention or shelter care, “ . . .in addition to the sworn testimony of available witnesses all relevant and material evidence helpful in determining the specific issue, including oral and written reports, may be relied upon to the extent of its probative value, even though it would not be competent at an adjudicatory hearing.” Fla.R.Juv.P. 8.050(f)(2) provides that in determining the existence of probable cause, “ . . . [t]he court shall apply the standard of proof necessary for an arrest warrant and its finding may be based upon a sworn complaint, affidavit, deposition under oath, or, if necessary, upon testimony under oath properly recorded.” Thus, Fla.R.Juv.P. 8.050(f) provides that hearsay evidence may be admitted and may be relied upon to the extent of its probative value.
The record reveals that at the hearing the assistant public defender objected, saying: “Your honor, that would be hearsay, I would object to that statement.”
The following colloquy between the learned trial judge and the assistant state attorney then ensued:
“THE COURT: Just a minute. The man is objecting to any hearsay testimony.
‡ % s(s sjc * s|c
“MR. BURNETTE: It’s for purposes of probable cause, your honor.
“THE COURT: Look, I’m tired of your telling me this is preliminary matters for probable cause. There are rules that we go by, and hearsay is one of them. Now if you can’t prove the case, dismiss it. “Do you understand? Don’t you testify to anything that somebody else told you. * * *
Thus, it clearly appears that the learned trial judge misconstrued the rules and unequivocally ruled that no hearsay is admissible. In so doing he departed from the essential requirements of law.
The Petition for Certiorari is granted and this case is remanded for further proceedings not inconsistent herewith.
Petition for rehearing, if filed, shall be filed within 8 days from the date hereof.
IT IS SO ORDERED.
BOYER, Acting C. J., and BOOTH, J., concur.
SMITH, J., dissents.

. Review by the child of an order finding detention is required is authorized by Section 39.03 (7)(a), Florida Statutes (1977).