BOYD, Chief Justice,
concurring in part and dissenting in part.
I concur with that portion of the majority opinion that holds that the state does not have a constitutional right of appeal. State v. Creighton, 469 So.2d 735 (Fla.1985).
I dissent to the remainder of the opinion and would hold that the state’s right of appeal in criminal cases, provided by sections 924.07 and 924.071, Florida Statutes (1981),[1] applies to parallel situations arising *147 in juvenile delinquency cases. Juvenile delinquency cases are analogous to criminal cases and I find that the legislature intended for sections 924.07 and 924.071 to apply when the state seeks to appeal a trial court ruling in a juvenile delinquency case.
In the case of respondent C.C., the order the state sought to appeal was an order excluding from evidence the confession or incriminating statements of the accused. In criminal cases, the state is given the right to appeal such an order by section 924.071(1). To the extent that such an order is nonfinal or interlocutory[2] thus requiring authorization by court rule in order to be appealable before final judgment,[3] such authority is provided by Florida Rule of Appellate Procedure 9.140(c)(1)(B). Where an order in a juvenile delinquency proceeding is directly analogous and comparable to an order of which appellate review is authorized by sections 924.07 or 924.071 in criminal cases, I believe the legislative intent is to authorize appellate review of the order. I would therefore hold that the state has a right, conferred by statute, to appellate review of the suppression order.
In the case of respondent E.V., the state seeks to appeal the order dismissing the delinquency petition on double jeopardy grounds. The record does not reveal specifically the reasoning supporting the dismissal. It is my view that this order of dismissal of a delinquency petition comes within the scope of section 924.07(1), the statutory provision authorizing appeal by the state from any “order dismissing an indictment or information or any count thereof.” See Fla.R.App.P. 9.140(c)(1)(A). I would therefore hold that the state is entitled to appeal the order.
In the case of respondent C.A.Q., the order in question was a suppression of physical evidence on grounds of illegal search and seizure. In criminal cases, the state may appeal such a suppression order before proceeding to trial. § 924.071(1); Fla.R.App.P. 9.140(c)(1)(B). Accordingly, I would hold that appeal of such an order is available in this juvenile case.
In the case of respondents A.M.E. and S.E., the order sought to be appealed is an order dismissing the petition for an adjudication of juvenile delinquency. The order is analogous to an order dismissing an indictment or information in a criminal case. I therefore find that an appeal is provided for by section 924.07(1) and Florida Rule of Appellate Procedure 9.140(c)(1)(A).
I agree with the Court’s rejection of the state’s other arguments but would hold that there is a statutorily conferred right of appeal applicable to these cases.
I would answer the certified question by stating that the state is entitled to appellate review of adverse final judgments and orders in juvenile delinquency cases to the same extent that sections 924.07 and 924.-071 provide a right to such review of parallel orders and judgments in criminal cases. Where such a right of appeal is thus conferred by statute with reference to a particular kind of judgment or order, the question of whether the review may be had before final judgment must be resolved by determining whether such interlocutory appeal is authorized by rule of this Court. *148 Art. V, § 4(b)(1), Fla. Const.; R.J.B. v. State, 408 So.2d 1048 (Fla.1982).
ALDERMAN, J., concurs.

. Sections 924.07 and 924.071, Florida Statutes (1981), provide as follows:
924.07 Appeal by state —The state may appeal from:
(1) An order dismissing an indictment or information or any count thereof;
(2) An order granting a new trial;
(3) An order arresting judgment;
(4) A ruling on a question of law when the defendant is convicted and appeals from the judgment;
(5) The sentence, on the ground that it is illegal;
(6) A judgment discharging a prisoner on habeas corpus;
(7) An order adjudicating a defendant insane under the Florida Rules of Criminal Procedure; or
(8)All other pretrial orders, except that it may not take more than one appeal under this subsection in any case.
Such appeal shall embody all assignments of error in each pretrial order that the state seeks to have reviewed. The state shall pay all costs of such appeal except for the defendant’s attorney’s fee.
924.071 Additional grounds for appeal by the state; time for taking; stay of cause.—
(1) The state may appeal from a pretrial order dismissing a search warrant, suppressing evidence obtained by search and seizure, or suppressing a confession or admission made by a defendant. The appeal must be taken before the trial.
(2) An appeal by the state from a pretrial order shall stay the case against each defendant upon whose application the order was *147 made until the appeal is determined. If the trial court determines that the evidence, confession, or admission that is the subject of the order would materially assist the state in proving its case against another defendant and that the prosecuting attorney intends to use it for the purpose, the court shall stay the case of that defendant until the appeal is determined. A defendant in custody whose case is stayed either automatically or by order of the court shall be released on his own recognizance pending the appeal if he is charged with a bailable offense.

. Here the delinquency petition was dismissed when the state said it could not proceed, thus arguably lending the disposition greater finality. See § 924.07(1); Fla.R.App.P. 9.140(c)(1)(A).

. See Art. V, § 4(b)(1), Fla. Const.; R.J.B. v. State, 408 So.2d 1048 (Fla. 1982); State v. Smith, 260 So.2d 489 (Fla.1972). In RJ.B. this Court decided that, although a statute provided a right of appeal, it did not direct that such appeal be allowed before final judgment and that, in any event, interlocutory review must be authorized by rule of this Court, so that review before final judgment there was not available.