ERVIN, Judge.
Appellee Michael David Helton was charged with wantonly or maliciously throwing a missile into an occupied vehicle and with criminal mischief. After the jury returned a verdict finding appellee guilty on both counts, the trial court granted ap-pellee’s motion for new trial and the state appealed. We affirm.
Prior to trial, the prosecutor filed two notices of intent to offer similar fact evidence describing what appeared to be a feud between appellee and his brother, co-defendant William Helton, and the Siberly and Jackson families. Brian Siberly was the alleged victim of the criminal offenses with which Helton was charged; none of the Jackson family was involved. Counsel for appellee filed a motion in limine to bar the introduction of evidence relating to pri- or incidents of hostility between the feuding families. This motion was heard the day of trial. The court stated that it would not try the merits of ten or twelve other incidents between the three families by permitting direct evidence of these incidents, “other than to let the jury, know that there might have been prior difficulties between the exact same people,” meaning the Siber-lys and Heltons.
During the trial, numerous references were made to the prior incidents of animosity between the three families. Some were made by the prosecutor and some by witnesses, and the judge repeatedly warned the prosecutor about straying from the limits of the ruling in limine. Upon review of the evidence post-trial, the judge determined that the cumulative effect of such references may have given the jury the impression that the Heltons were “in effect terrorizing [the] area.” The trial judge concluded that any such impression was prejudicial, because it may have arisen *1268 from the improper remarks rather than or in addition to purely admissible testimony.
Appellant has failed to show that the trial judge abused his discretion in granting the motion for new trial. Castlewood, Int’l Corp. v. LaFleur, 322 So.2d 520 (Fla.1975). A new trial is warranted when it is reasonably evident that a prosecutor has made unfair remarks or has presented inadmissible evidence that may have influenced the jury to arrive at a verdict it otherwise might not have reached. Dar-den v. State, 329 So.2d 287, 289 (Fla.1976), cert. dismissed, 430 U.S. 704, 97 S.Ct. 1671, 51 L.Ed.2d 751 (1977). In this case, the judge’s pretrial order was frustrated by prosecutorial overreaching. Although we acknowledge that some of the references to prior acts were inadvertent, it is apparent that some were willful. The proper remedy for such prosecutorial misconduct is a new trial.
AFFIRMED.
NIMMONS and ZEHMER, JJ., •concur.