PER CURIAM.
In this juvenile delinquency proceeding, appellant seeks review of an order of commitment entered following a no-contest plea. He argues that the trial court committed reversible error when it failed to obtain a recommendation regarding restrictiveness level from the Department of Juvenile Justice after it rejected the Department’s recommendation of community control. Appellant is entitled to relief under decisions such as J.P.M. v. State, 688 So.2d 458 (Fla. 1st DCA 1997), and S.R. v. State, 683 So.2d 576 (Fla. IstDCA 1996).
The state responds that appellant is precluded from raising this issue because he failed to comply with section 924.051(4), Florida Statutes (Supp.1996). Based upon our decisions in T.M.B. v. State, 689 So.2d 1215 (Fla. 1st DCA 1997), review pending, No. 90,432 (Fla. Apr. 28, 1997), and R.A.M. v. State, 695 So.2d 1308 (Fla. 1st DCA 1997), we reject the state’s contention that section 924.051(4) applies in juvenile delinquency proceedings. However, as in R.AM., we certify the following question to the supreme court, as one of great public importance:
DOES SECTION 924.051(4), FLORIDA STATUTES (SUPP.1996), APPLY IN JUVENILE DELINQUENCY PROCEEDINGS?
The order of commitment is reversed, and the case is remanded to the trial court with directions to hold a new disposition hearing.
REVERSED and REMANDED, with directions.
ALLEN, WEBSTER and PADOVANO, JJ., concur.