743 So.2d 532 (1997)
STATE of Florida, Appellant,
v.
Jasper ALLEN, III, Appellee.
No. 96-3220.
District Court of Appeal of Florida, First District.
September 12, 1997.
*533 Robert A. Butterworth, Attorney General; L. Michael Billmeier, Assistant Attorney General, Office of the Attorney General, Tallahassee, for appellant.
Nancy A. Daniels, Public Defender; Carl S. McGinnes, Assistant Public Defender, Tallahassee, for appellee.
PADOVANO, Judge.
This case is before the court on the defendant's motion to dismiss the state's appeal for lack of jurisdiction. The issue raised by the motion is whether section 924.07(1)(k), Florida Statutes, authorizes an appeal by the state from an order denying in part and granting in part a claim for restitution. We conclude that the statute affords the state a right to appeal an order partially denying a claim of restitution as well as an order denying entitlement to restitution. Therefore, we hold that we have jurisdiction and we deny the defendant's motion to dismiss.
The defendant, Jasper Allen, III, entered a plea of nolo contendere to arson, and, at the time of the plea, he agreed to pay restitution to the victim in an appropriate amount. The state and defense could not agree on the amount and eventually the state filed a motion seeking to recover $1,875.00 on behalf of the victim. Following an evidentiary hearing on the state's motion, the trial court ordered the defendant to pay restitution of $535.00. The state appealed the order and the defendant now seeks to dismiss the appeal.
Section 924.07(1)(k), Florida Statutes, authorizes the state to appeal "[a]n order denying restitution under s. 775.089." The defendant argues that the state lacks authority to appeal the order in the present case because the claim of restitution was not denied. In response, the state argues that an order rejecting a claim of restitution in part is nonetheless a "denial" within the meaning of the statute. Specifically, the state contends that the legislative intent to include partial denials within the scope of the statute is evident when section 924.07(1)(k) is interpreted in conjunction with subsection 775.089(1)(b)1 of the restitution statute.
At the outset we acknowledge that the state's right to appeal depends entirely on the applicability of the statute. The supreme court held in State v. Creighton, 469 So.2d 735 (Fla.1985), that the state's right to appeal an order in a criminal case is purely statutory. Although the court receded in part from Creighton in the opinion adopting the latest revision of the Florida Rules of Appellate Procedure, See Amendments to Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996), that opinion does not expand the state's right to appeal. Rejecting dicta in Creighton to the contrary, the supreme court said that the right of a citizen to appeal a final order is derived from the Florida Constitution *534 and that it does not depend on the existence of legislation. The court left intact its holding in Creighton that the state's right to appeal depends on the existence of a statute. Consequently, the state's right to appeal the order in this case turns on the meaning of the statute purporting to authorize the appeal.
In construing a statute, the court must first attempt to ascertain the legislative intent from the language of the statute itself. See Baker v. State, 636 So.2d 1342 (Fla.1994). If the language is clear, the court must apply the statute as it was intended and may not supply its own interpretation. See Holly v. Auld, 450 So.2d 217 (Fla.1984). The court may properly resort to extrinsic aids and the various rules of statutory construction to determine the intent of the legislature only if the applicability of the statute is not clear. See Holly, supra.
We cannot determine the legislative intent of section 924.07(1)(k) by reading the text of the statute alone. The phrase "an order denying restitution" could refer exclusively to an order denying the threshold issue whether a victim is entitled to restitution. But this phrase could also refer to an order denying a substantial part of a claim for restitution when the parties concede the victim is entitled to restitution in some amount. To resolve this ambiguity we must look beyond the terms of the statute itself.
Based on several related principles of statutory construction, we conclude that section 924.07(1)(k) must be interpreted to allow an appeal by the state from an order partially denying a claim for restitution. The first of these principles is that the court must construe a statute in conjunction with other statutes pertaining to the same subject matter. See Ferguson v. State, 377 So.2d 709 (Fla.1979); Smith v. Crawford, 645 So.2d 513 (Fla. 1st DCA 1994). Section 924.07(1)(k) does not exist in isolation, but rather it is a part of the overall statutory procedure for the recovery of restitution. Hence, the legislative intent in enacting section 924.07(1)(k) is more clearly revealed by a review of section 775.089, the restitution statute it was designed to implement.
The preamble to section 775.089 states "the Legislature intends to ensure that all victims of crime are treated with dignity, respect, and sensitivity and that the rights of victims of crime are honored and protected by law enforcement agencies, prosecutors, and judges in a vigorous manner...." To this end, the legislature in section 775.089 made payment of restitution mandatory for defendants unless clear and compelling reasons existed justifying the nonpayment of restitution. The preamble also refers to Article I section 16 of the Florida Constitution, which was added in 1988 to ensure the protection of certain basic rights of crime victims. Thus, the main purpose of section 775.089 was to uphold the rights of crime victims by guaranteeing that they are compensated for their losses. These rights would be subverted if the court were to dismiss the present appeal. Anything less than full compensation would defeat the remedy intended. Therefore, the state must be permitted to appeal both complete and partial denials of restitution orders in order to fulfill the legislative intent.
This conclusion is supported as well by another principle of statutory construction; that is, the courts may ascertain the intent of the legislature in enacting a statute by considering other statutes enacted in the same legislative session. See Gulley v. Pierce, 625 So.2d 45 (Fla. 1st DCA 1993); Lincoln v. Florida Parole Commission, 643 So.2d 668 (Fla. 1st DCA 1994). When section 924.07(1)(k) was added as a part of the statute on criminal appeals, the legislature also amended the restitution statute to include subsection 775.089(1)(b)1. Both were enacted in Session Law Ch. 93-37 after the supreme court had decided in State v. MacLeod, 600 So.2d 1096 (Fla.1992), that the state could not appeal an order denying restitution *535 under then existing laws. Section 775.089(1)(b)1 states:
If the court does not order restitution, or orders restitution of only a portion of the damages, as provided in this section, it shall state on the record in detail the reasons therefor.
It is apparent from the language of this statute that section 924.07(1)(k) includes an order partially denying a claim for restitution within the class of restitution orders that are appealable by the state. Otherwise, it would have been pointless to include in section 775.089(1)(b)1 a provision that requires the court to make a detailed record statement of the reasons for denying only a portion of a claim for restitution.
Finally, our interpretation is consistent with the rule that remedial statutes must be construed liberally to advance the intended remedy. See Connor v. Division of Elections, 643 So.2d 75 (Fla. 1st DCA 1994); Martin County v. Edenfield, 609 So.2d 27 (Fla.1992). Section 924.07(1)(k), like other statutes granting the right to appeal, is remedial. In State v. Kelley, 588 So.2d 595 (Fla. 1st DCA 1991) we held that a statute granting the state a right to appeal a post-verdict judgment of acquittal was a remedial statute. There we said that "[b]ecause a statute establishing the right to appeal from a particular type of order is one that confers a means to enforce a right or redress an injury, it is apparent that the statutory amendment granting the state the right to appeal from orders granting motions for judgment of acquittal after jury verdicts is remedial...." Id. at 597-598. A liberal reading of section 924.07(1)(k) supports our conclusion that the legislature intended to allow the right to appeal an order partially denying restitution.
In summary, we hold that the state has a right to appeal the order in the present case under section 924.07(1)(k), Florida Statutes. Therefore, we deny the defendant's motion to dismiss the appeal for lack of jurisdiction.
Motion denied.
WEBSTER and LAWRENCE, JJ., concur.