PARIENTE, J.,
concurring.
I write to briefly respond to Chief Justice Canady’s assertion that the plain language of section 924.07(l)(e) allows the State to appeal an error in the sentencing process. The plain language of the statute allows the State only to appeal a sentence on the ground that the sentence is illegal. The sentence in this case is not illegal, and there is no question that the trial court had the discretion to refuse to impose a habitual offender sentence.
Chief Justice Canady criticizes the majority’s narrow interpretation of the meaning of “illegal” sentence, which the Court has used to interpret whether a defendant has the right to attack a sentence on the ground it is illegal. He argues for a more expansive definition of “illegal” to allow the State a broader right of appeal, even while acknowledging the distinction repeatedly made both by this Court and district courts between errors in the sentencing process and errors in the ultimate sentence.
However, as was recognized by the majority based upon more than a century of precedent, the State’s right to appeal in criminal cases must be expressly conferred by statute. The scope of what the State can appeal is extremely limited and has been narrowly construed. As recently explained by Chief Judge Gross of the Fourth District Court of Appeal:
“[Ujnless expressly provided for by statute, in criminal cases the state is not entitled to appeal adverse judgments and orders.” State v. Creighton, 469 So.2d 735, 740 (Fla.1985), receded from on other grounds, Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 774 (Fla.1996). This policy “has deep roots in the common law, for it was generally understood, at least in this country, that the sovereign had no right to appeal an adverse criminal judgment unless expressly authorized by statute to do so.” Arizona v. Manypenny, 451 U.S. 232, 245, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981). Section 924.07, Florida Statutes (2009), sets forth “strictly limited and carefully crafted exceptions designed to provide appellate review to the state in criminal cases where such is needed as a matter of policy and where it does not offend against constitutional principles.” Creighton, 469 So.2d at 740. The only mention of a “judgment of acquittal” in the statute is contained in subsection 924.07(l)(j), which provides that “[t]he state may appeal from ... [a] ruling granting a motion for judgment of acquittal after a jury verdict.” (Emphasis added).
State v. Stone, 42 So.3d 279, 281 (Fla. 4th DCA 2010) (parallel citations omitted).
For all these reasons, I agree with the majority that the State had no right to appeal in this case because the sentence imposed by the trial court was not illegal.
LABARGA and PERRY, JJ., concur.