383 So.2d 900 (1980)
Turner STREET and David Street, Appellants,
v.
STATE of Florida, Appellee.
No. 54121.
Supreme Court of Florida.
March 20, 1980.
Rehearing Denied June 11, 1980.
Stephen R. Keroff of Keller & Keroff, Palm Beach, for appellants.
Jim Smith, Atty. Gen., and Rober Bogen, Asst. Atty. Gen., West Palm Be for appellee.
BOYD, Justice.
The appellants were convicted, following jury trial, of the offense of battery upon a law enforcement officer, a felony under Section 784.07, Florida Statutes (1977). The trial court passed upon the constitutional validity of the statute when it denied the appellants' motions to dismiss, so their *901 appeal lies to this Court. Art. V, § 3(b)(1), Fla. Const.
The appellants argue that improper instructions were given to the jury with regard to what the state was required to prove, but since there was no objection or request for instructions by the defense below, this contention will not be considered now.
The appellants contend that the statute violates equal protection by the special treatment it gives to police officers as victims of batteries. This issue has been resolved in favor of the statute's validity. Soverino v. State, 356 So.2d 269 (Fla. 1978).
The appellants contend that as a matter of law the verdict is not supported by substantial evidence. Our review of the record reveals that this contention is without merit.
Appellants contend that the statute fails to give sufficient warning as to what conduct will render a person liable to prosecution for the felony created thereby as opposed to prosecution for ordinary battery. The statute, however, has a scienter requirement. State v. Bailey, 360 So.2d 772 (Fla. 1978). It requires that the accused know that his victim is a law enforcement officer or firefighter. Appellants argue that the phrase "engaged in the lawful performance of his duties" is vague and raise the question of whether a policeman who is using excessive force is so engaged. But the use of unlawful force by a police officer, giving rise to a right of self-defense, would not relate to the matter of sufficient notice but would be a defense to the battery charge itself. As a matter of common understanding and practice, the statute conveys sufficiently definite warning as to what is proscribed. Zachary v. State, 269 So.2d 669 (Fla. 1972).
Finally, appellants argue that the statute violates due process by overbreadth, in that it could be applied to conduct that should only be punished as a misdemeanor. Overbreadth attack is only proper when the statute could be applied to innocent, protected activity, which does not include battery. Pruitt v. State, 363 So.2d 552 (Fla. 1978); State v. Bales, 343 So.2d 9 (Fla. 1977).
The judgment is affirmed.
It is so ordered.
ENGLAND, C.J., and ADKINS, OVERTON and SUNDBERG, JJ., concur.