433 So.2d 648 (1983)
Bobby Wayne JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-238.
District Court of Appeal of Florida, Second District.
June 24, 1983.
Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant appeals his conviction for resisting an officer with violence under section 843.01, Florida Statutes (1981).
The evidence, when viewed in the light most favorable to the state, reflects that at about 10:00 p.m. appellant attempted to visit his girlfriend who was spending the night at the home of her neighbor, Patricia Hughes. Hughes called the police after the appellant knocked on her door because she "did not want any trouble." After the appellant entered Hughes' home and was told to leave, he began "badmouthing" Hughes and breaking windows with his fists. When the police arrived, they found appellant on Hughes' front porch. Hughes informed the investigating officer, Joseph Salvador, that she did not want to press charges as a result of the incident.
*649 Officer Salvador testified that he responded to Hughes' report of an "unwanted guest" and observed appellant on Hughes' porch with his hand bleeding. When Salvador returned to his car to get a first aid kit, appellant took off running through Hughes' house. When the officer was unable to apprehend appellant, he radioed for back-up support.
Back-up officers arrived at Hughes' home to find appellant running down the street. Officer Kistner, who was in uniform, identified himself as a policeman and ordered appellant to stop. Appellant continued running, so Kistner began to chase him. When Kistner tackled appellant, the appellant tried to strike him and kick him. In the course of attempting to subdue the appellant, Kistner struck him in the face with his fist. Other officers, including Officer Katt, finally arrived and assisted in handcuffing the struggling appellant. As they attempted to place appellant in the police car, he lunged forward and had to be subdued again.
Appellant first complains that the state should not have been permitted to amend its information immediately prior to trial. The original information charged appellant with resisting arrest by Officers Kistner and Katt with force and violence. The amended information charged appellant with resisting Officers Kistner and Katt in the lawful execution of a legal duty with violence. The court properly acted within its discretion in allowing the amendment. Law v. State, 292 So.2d 596 (Fla. 2d DCA 1974). Appellant cannot complain of prejudice because he continued to be charged with violating the same statute by conduct which occurred within a single factual scenario.
Appellant further argues that the amended complaint was insufficient because it did not allege the particular legal duty the officers were performing at the time the appellant obstructed them. This was not required. The information, couched in the language of the statute, sufficiently expressed the elements of the offense in such a way that the appellant was neither misled nor embarrassed in the preparation of his defense nor exposed to double jeopardy. State v. Dilworth, 397 So.2d 292 (Fla. 1981).
Finally, we must consider whether the evidence was sufficient to convict the appellant of the crime charged. In this regard, we are benefitted by the opinion of our sister court in the analogous case of Price v. State, 318 So.2d 468 (Fla. 1st DCA 1975), cert. denied, 334 So.2d 607 (Fla. 1976). There, a man who had been acting suspiciously ran away when an officer sought to stop him. The officer tackled him, and a struggle ensued. In affirming a conviction for resisting an officer with violence in his lawful execution of a legal duty, the court said:
[T]he officer did not have authority at such time to arrest appellant for a crime. The evidence is sufficient, however, to show that at such time the officer had authority to restrain appellant under the "stop and frisk law", Section 901.151, Florida Statutes... . The above-related circumstances involving the extremely suspicious actions of appellant which the record shows occurred in a high-crime area, were such as to reasonably indicate to the officer that appellant had committed, was committing or was about to commit a violation of the criminal laws. He, thus, had authority and a legal duty to temporarily detain appellant for the purpose of ascertaining his identity and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense. The evidence shows that appellant resisted with violence the officer's attempts to detain him.
318 So.2d at 471. See also Kaiser v. State, 328 So.2d 570 (Fla. 3d DCA 1976).
Admittedly, Officer Salvador had not arrested appellant at the time appellant ran from him. In fact, at that point Salvador was not in a position to do so without a warrant because he had not obtained probable cause to arrest him for a felony, and *650 appellant had not committed a misdemeanor in his presence. § 901.15, Fla. Stat. (1981). However, Salvador certainly had a right to detain appellant and talk to him because he had a well-founded suspicion that appellant had been involved in criminal activity. When appellant ran, he had a right to try to apprehend him. Salvador's actions were all the more reasonable in view of appellant's injuries and his bizarre conduct. The officers who responded to Salvador's call for assistance stood in his shoes. Kirby v. State, 217 So.2d 619 (Fla. 4th DCA 1969). Thus, they were performing a legal duty at the time appellant resisted them with violence.
AFFIRMED.
HOBSON, A.C.J., and RYDER, J., concur.