450 So.2d 336 (1984)
M.C., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 83-696.
District Court of Appeal of Florida, Fifth District.
May 24, 1984.
*337 Sally D.M. Kest, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kenneth McLaughlin, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
When (1) a police officer encounters a person under circumstances[1] that authorize the officer to temporarily detain that person under Florida's Stop and Frisk statute (§ 901.151, Fla. Stat. (1983)) and (2) in the lawful execution of his legal duties the police officer intends to detain that person for the purpose of ascertaining the person's identity and to learn the circumstances surrounding his presence, and (3) under the facts and circumstances of the particular case that person learns, knows, or understands that the officer desires to detain that person, then if that person flees or takes other intentional action that prevents lawful detention, he may be guilty of obstructing or opposing such officer in violation of section 843.02, Florida Statutes (1983). See Price v. State, 318 So.2d 468 (Fla. 1st DCA 1975), cert. denied, 334 So.2d 607 (Fla. 1976). See also Johnson v. State, 433 So.2d 648 (Fla. 2d DCA 1983). Burgess v. State, 313 So.2d 479 (Fla. 2d DCA 1975), relates to the constitutional right to refuse to provide information and is distinguishable.
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] As to reasonable suspicion justifying detention and inquiry, see State v. Hunt, 391 So.2d 760 (Fla. 5th DCA 1980); as to probable cause, see State v. Jones, 417 So.2d 788 (Fla. 5th DCA 1982).