626 So.2d 259 (1993)
STATE of Florida, Appellant,
v.
Camelia JAMES, Appellee.
No. 92-1605.
District Court of Appeal of Florida, Fifth District.
October 15, 1993.
*260 Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Asst. Public Defender, Daytona Beach, for appellee.
COBB, Judge.
The facts in regard to this case are not in dispute. Camelia James was charged in a six count information with committing battery on three police officers and three corrections officers. No motion to dismiss the information or motion for a statement of particulars was filed prior to trial, which commenced on June 11, 1992. At the close of the state's case, the defense made a motion for judgment of acquittal as to all counts due to an alleged lack of evidence as to intent, and a motion for judgment of acquittal as to Count VI, on the ground that the evidence as to that count was insufficient to show that correctional officer Sue Kraft had been scratched by the defendant. The trial court denied the motions on the basis that there was sufficient evidence to allow the jury to resolve these factual questions. After the defendant testified, the defense renewed its motion for judgment of acquittal as to Count VI on the evidentiary ground and the motion was granted.
The court then, sua sponte, raised the question of whether the remaining five counts sufficiently alleged that each victim was a law enforcement officer within the definition of section 784.07, Florida Statutes (1991). Each of the remaining five counts alleged that the defendant,
on the 1st day of January, 1992, did unlawfully and knowingly commit a battery upon [name and title of victim], a Sanford Police Department [or "a John E. Polk Correctional Facility"], while said Law Enforcement Officer was engaged in the lawful performance of said Law Enforcement Officer's duties, by [specific act of battery alleged], against said Law Enforcement Officer's will, in violation of Florida Statutes 784.03, 784.07(1) and 784.07(2)(b).
The trial court maintained that the information had to specifically allege which of the statutorily listed "law enforcement officers" the victim was  i.e., law enforcement officer, correctional officer, correctional probation officer, part-time law enforcement officer, part-time correctional officer, auxiliary law enforcement officer, auxiliary correctional officer, an employee or agent of the Department of Corrections who supervised or provided services to inmates, an officer of the Parole Commission, or law enforcement personnel of the Game and Fresh Water Fish Commission and Department of Natural Resources and Law Enforcement. The state argued that wording in each count referring to "a Sanford Police Department" or "a John E. Polk Correctional Facility" was a clerical error that should have read "of the" instead of "a." The state further argued that the information went on to state that the victim was a law enforcement officer. The trial court acknowledged that fact, but maintained that such was insufficient as a matter of law, and that the information charged only misdemeanor batteries. The court then indicated to the defendant that she might want to *261 make a motion. The defendant then made a "Motion for Judgment of Acquittal" to reduce the remaining charges to misdemeanor batteries. The trial court then entered a written order granting the defendant's purported "Motion for Judgment of Acquittal." The court initially ruled that because no motion to dismiss the information had been filed prior to trial and because the jury had been sworn, the court still had jurisdiction to try the remaining five misdemeanors. The court then recessed for the day due to the lateness of the hour.
When the trial resumed the next day, prior to the jury being brought in, the state renewed its argument, noting that after each victim's name there was a comma followed by either "a Sanford Police Department" or "a John E. Polk Correctional Facility," followed by "while said law enforcement officer was engaged in the lawful performance of said law enforcement duties." The state argued that the information informed the defendant that the victims were "law enforcement officers" and that the defendant was not prejudiced or embarrassed in her defense.[1] The court continued to maintain that the state had to allege which of the statutorily listed "law enforcement officers" the victim was, and that the information failed to do so. The state again noted that the "a" was a clerical error that should have been "of the." The trial court maintained that the information did not sufficiently allege that the victim was a law enforcement officer and that he was not sure he had jurisdiction over the reduced battery charges. The defendant then moved to dismiss the remaining counts for lack of jurisdiction. The trial court orally granted the defendant's motion stating:
I'm going to grant the motion to dismiss specifically because I find that the information does not charge a felony, as apparent in the record in this case, and that this Court is without jurisdiction to hear a misdemeanor which is all that information charges. And the fact that we picked a jury and swore it does not secure the jurisdictional problems, and jurisdiction can be raised at any time.
The court subsequently entered a written order granting the defendant's motion to dismiss, and the state has filed a timely notice of appeal.
First, we note that the trial court's ruling that the state failed to allege that the victims were "law enforcement officers" because the state had failed to specifically allege which of the statutory list of law enforcement officers the victims were was clearly erroneous as a matter of law. The statute only requires the state to allege that the victim was a law enforcement officer. Secondly, the state did allege which type of law enforcement officers these particular victims were. Finally, the information was sufficient to place the defendant on notice of the events charged, and to support a judgment of conviction. The typographical errors in the accusatorial document were matters that should have been raised by the defense by pretrial objection. Since they were not, such objections were waived. See Fla.R.Crim.P. 3.190(c).
The more vexing question is whether the state can, consistent with double jeopardy principles, appeal from the order disposing of the charges.
The state points out that despite the semantics employed at the trial court level, the action by the trial court in regard to the five counts on appeal did not constitute an acquittal based on the evidence, but constituted a dismissal based upon the trial court's misperception of a pleading defect in the information. Since the motion and order were based on the sufficiency of the allegations in the information and not on the sufficiency of the evidence adduced at trial, the action by the *262 trial court does not render this matter res judicata. See United States v. Scott, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). Compare State v. Bolick, 512 So.2d 960 (Fla. 2d DCA 1987) (state could not appeal dismissal which actually was a judgment of acquittal entered upon evidentiary evaluation of state's case).
The defendant argues that the trial court terminated the action as a judgment of acquittal and that this disposition operates as a bar to further prosecution. The defendant argues that even though the judge granted the acquittal for the wrong reason  i.e., his interpretation of the defective pleading  that we should affirm the dismissals on the basis of the Tipsy Coachman rule because the state failed to introduce sufficient evidence in regard to the element of criminal intent. The mere fact that a defendant gives self-serving testimony that she did not intend to injure a battery victim after having done so can hardly be termed a fatal defect in a prosecution's case. The fact that the trial court may have deemed its erroneous action an "acquittal" is irrelevant. In Scott the Court said:
We have previously noted that "the trial judge's characterization of his own action cannot control the classification of the action." [U.S. v.] Jorn, 400 U.S. 470, at 478 n. 7, 91 S.Ct. [547], at 554 [n. 7, 27 L.Ed.2d 543 (1971)] (opinion of Harlan, J.), citing United States v. Sisson, 399 U.S. 267, 290, 90 S.Ct. 2117, 2129, 26 L.Ed.2d 608 (1970). See also [U.S. v.] Martin Linen [Supply Co. et al.], 430 U.S. 564, at 571, 97 S.Ct. [1349], at 1354 [51 L.Ed.2d 642 (1977)]; [U.S. v.] Wilson, 420 U.S. 332, at 336, 95 S.Ct. [1013], at 1018 [43 L.Ed.2d 232 (1975)]. Despite respondent's contentions, an appeal is not barred simply because a ruling in favor of a defendant "is based upon facts outside the face of the indictment," id., at 348, 95 S.Ct., at 1024, or because it "is granted on the ground ... that the defendant simply cannot be convicted of the offense charged," Lee [v. U.S.], 432 U.S. 23, at 30, 97 S.Ct. [2141], at 2146 [53 L.Ed.2d 80 (1977)]. Rather, a defendant is acquitted only when "the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged," Martin Linen, supra, 430 U.S., at 571, 97 S.Ct., at 1355. (Emphasis added).
Id., 437 U.S. at 96-97, 98 S.Ct. at 2196-2197.
If this case had arisen prior to the United States Supreme Court opinion in Scott in 1978, the state's appeal would have been dismissed, despite the clear legal error below, simply because the dismissal occurred after the jury was empaneled and the double jeopardy clause, as interpreted in United States v. Jenkins, 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975), would preclude retrial. Scott receded from Jenkins, holding that
the defendant, by deliberately choosing to seek termination proceedings against him on a basis unrelated to factual guilt or innocence of the offense of which he is accused, suffers no injury cognizable under the Double Jeopardy Clause if the Government is permitted to appeal from such a ruling of the trial court in favor of the defendant.
Scott, 437 U.S. at 98-99, 98 S.Ct. at 2198.
In the instant case, the prompting of the erroneous ruling by the intercession of the trial judge does not alter the fact that the defense made the motion for dismissal of the charges. The trial court's dismissal of Counts I-V was unrelated "to factual guilt or innocence," Scott, and thus did not constitute an acquittal barring an appeal. See United States v. Kennings, 861 F.2d 381 (3d Cir.1988).
We reverse and remand for trial of Counts I, II, III, IV and V of the information.
REVERSED AND REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.140(o) specifically provides:

(o) Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.