744 So.2d 1151 (1999)
STATE of Florida, Appellant,
v.
Joseph ROBINSON and Calvin Dowdell, Appellees.
No. 99-465.
District Court of Appeal of Florida, First District.
October 29, 1999.
Robert A. Butterworth, Attorney General; Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellant.
Jennifer Mary Zedalis, Gainesville, for Appellees.
WEBSTER, J.
In this criminal appeal, the state seeks review of a final order dismissing an *1152 amended information charging appellees with carjacking with a deadly weapon based upon the trial court's conclusion that the speedy trial period had run. We conclude that we have jurisdiction, and that the trial court's order was incorrect as a matter of law. Accordingly, we reverse.

I.
The relevant facts are not in dispute. On April 30, 1998, complaints were filed accusing appellees of assaulting an individual with blunt instruments and then taking his car. Appellee Dowdell was arrested on July 12, 1998, and appellee Robinson surrendered on July 23, 1998. Both remained continuously in custody. On August 31, 1998, appellees were charged by information with robbery with a deadly weapon and grand theft auto. On September 14, 1998, an amended information was filed which merely changed the case number.
On January 25, 1999, appellees appeared in open court for jury selection. Prior to the commencement of jury selection, the state filed a second amended information, which contained only a single count charging both appellees with carjacking with a deadly weapon. After the jury had been selected, the attorneys for both appellees announced that they had discussed the case with their clients, including the possibility of objecting to the amendment on the ground that it was being attempted after the speedy trial period had run. Both attorneys then expressly waived any objection to either the expiration of the speedy trial period or the filing of the second amended information, stating that appellees had not been prejudiced in any way. Both also acknowledged that, had they objected to the expiration of the speedy trial period, the remedy would have been to set the case for trial within the recapture period, and that was going to occur anyway.
Three days later, the parties appeared for trial before a different judge. The attorneys for appellees told the judge that they had agreed that the state could file the second amended information, but pointed out that appellees had not yet been arraigned on that information. Not guilty pleas were entered on behalf of both appellees, after which their counsel announced that they were ready for trial. The jury was then sworn. Immediately prior to opening statements, the attorneys for appellees moved to dismiss on speedy trial grounds. According to counsel for appellees, the second amended information did not state that it was filed as a part of a continuing prosecution and, therefore, it was a nullity. The prosecutor responded that appellees had previously consented to the filing of the second amended information, and that no motion for discharge on speedy trial grounds had been filed. Nevertheless, the trial court granted the motion, and dismissed the information. This appeal follows.

II.
As an initial matter, appellees argue that this court lacks jurisdiction to consider the state's appeal because to do so would violate the double jeopardy clauses of the federal and state constitutions. U.S. Const. amends. V, XIV; Fla. Const. art. I, § 9. We find no merit in this argument. See, e.g., United States v. Scott, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) (holding that a defendant who deliberately elects to seek termination of the proceeding against him after jeopardy has attached on a basis unrelated to factual guilt or innocence suffers no injury cognizable under the double jeopardy clause if the government is permitted to appeal from a trial court ruling in his favor); State v. James, 626 So.2d 259 (Fla. 5th DCA 1993) (relying on Scott and holding that, even though the motion had been prompted by the trial judge, the state could appeal the dismissal of an indictment pursuant to a motion made by the defendant after jeopardy had attached). We hold that we have jurisdiction pursuant to section 924.07(1)(a), Florida Statutes (1997).

*1153 III.
It is clear from the record that counsel for both appellees expressly waived any objection to the filing of the second amended information and any argument they might otherwise have had pursuant to the speedy trial rule. It is equally clear that they did so after consulting with their clients, and in their clients' presence. Appellees do not argue the contrary. Instead, they contend that the waivers were ineffective because the speedy trial period had already expired and, thus, they were entitled to discharge, when the second amended information was filed.
Florida Rule of Criminal Procedure 3.191 (the speedy trial rule) is not self-executing. The time limits set out in that rule are triggered either by a demand for speedy trial as contemplated by rule 3.191(b), or by a notice that the prescribed time periods have expired as contemplated by rule 3.191(p)(2). Here, it is undisputed that appellees did neither. Had they filed a notice of expiration, the 15-day recapture period afforded by rule 3.191(p)(3) would have been triggered, and the state would have been prepared to try them within the time prescribed.
The trial court recognized that counsel for appellees had failed to comply with rule 3.191. However, it apparently believed that State v. Agee, 622 So.2d 473 (Fla. 1993), and its progeny mandated that it dismiss the second amended information on speedy trial grounds. We conclude that the Agee line of cases is inapposite to the facts of this case. In Agee, the court held that, "when the State enters a nol pros, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired." Id. at 475. It is clear that the intent behind the Agee decision was to prevent prosecutors from being able to toll the running of the speedy trial period unilaterally, simply by filing a nolle prosequi. See Genden v. Fuller, 648 So.2d 1183, 1185 (Fla.1994).
Putting aside for the moment the fact that appellees consented to the filing of the second amended information, even if they had not, the situation would not have been analogous to that in Agee. No nolle prosequi was filed in this case. Instead, charges remained continuously pending. Unlike Agee, appellees could simply have filed a notice that the speedy trial period had expired, thereby triggering the provisions of rule 3.191(p)(3) requiring that they be tried within 15 days or discharged. Accordingly, there is no reason to extend the protection afforded by the Agee holding to this case. Given the facts of this case, we hold that it was error to dismiss the second amended information on speedy trial grounds.

IV.
Appellees were not entitled to discharge on speedy trial grounds. Accordingly, the order of the trial court discharging them is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
DAVIS and VAN NORTWICK, JJ., CONCUR.