936 So.2d 725 (2006)
STATE of Florida, Appellant,
v.
Thomas Deon YOUNG, Appellee.
No. 1D05-1064.
District Court of Appeal of Florida, First District.
August 17, 2006.
Charlie Crist, Attorney General, and Tracy Lee Cooper, Assistant Attorney General, Tallahassee, for Appellant.
Lloyd L. Vipperman, Jr., Gainesville, for Appellee.
BROWNING, J.
The State appeals the trial court's entry of a "judgment of acquittal" adjudicating appellee Thomas Deon Young not guilty as to Count One of the information, which charged him with resisting an officer with violence, contrary to section 843.01, Florida Statutes (2004). We reverse and remand for further proceedings. See Johnson v. State, 433 So.2d 648, 649 (Fla. 2d DCA 1983).
The State's information additionally charged Young with one count of possession of not more than 20 grams of cannabis, in violation of section 893.03(1)(c) & 893.13(6)(b), Florida Statutes (2004); and one count of possession of paraphernalia for storage, in violation of section 893.147(1)(a), Florida Statutes. The first count states:
WILLIAM P. CERVONE, STATE ATTORNEY for the Eighth Judicial Circuit, prosecuting for the State of Florida, under oath, alleges by information that THOMAS DEON YOUNG, in Alachua County, Florida, on or about April 20, 2004, did knowingly and willfully resist, obstruct, or oppose Officer Robert J. Kennedy of the Gainesville Police Department, who was then and there in the lawful execution of a legal duty or legal process, by offering or doing violence to the person of such officer, contrary to Section 843.01, Florida Statutes.(L5)
*726 At the commencement of trial, the State nolle prossed the charge of possession of paraphernalia for storage.
After the State rested, defense counsel moved to dismiss the charge of resisting an officer with violence, on the ground that the information did not state with particularity what specific duty the officer was engaged in at the time of Young's offense. The defense argued also that the State had failed to make a prima facie case as to that count. After argument of counsel, the trial court entered the challenged ruling. Young then pled guilty to possession of less than 20 grams of marijuana and was sentenced to one year of drug offender probation. The State filed a timely notice of appeal.
The State correctly cites Johnson to support reversal of the trial court's ruling. In this instance, the trial court's chosen label for its own ruling is not controlling as to the true classification of its action. See United States v. Scott, 437 U.S. 82, 96, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); State v. Gaines, 770 So.2d 1221, 1226 (Fla.2000). Although the instant trial court characterized its ruling as a "JOA," the State correctly notes that it was tantamount to a dismissal, for it was premised on the trial court's misperception that the State had failed to set forth a legally sufficient charge for Count One, not on the theory that the information was adequate but, on the merits, the State failed to establish a prima facie case for resisting an officer with violence. See State v. James, 626 So.2d 259, 261-62 (Fla. 5th DCA 1993) (noting that despite semantics used in trial court, dismissal of counts based on court's misperception of pleading defect in State's information did not constitute acquittal based on evidence). We have jurisdiction pursuant to section 924.07(1)(a), Florida Statutes (2004); Florida Rule of Appellate Procedure 9.140(c)(1)(A); and State v. Robinson, 744 So.2d 1151, 1152 (Fla. 1st DCA 1999).
Count One of the information cites the correct statute, section 843.01, Florida Statutes (2004), which states:
843.01 Resisting officer with violence to his or her person.Whoever knowingly and willfully resists, obstructs, or opposes any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9); member of the Parole Commission or any administrative aide or supervisor employed by the commission; parole and probation supervisor; county probation officer; personnel or representative of the Department of Law Enforcement; or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
In Perry v. State, 861 So.2d 462 (Fla. 1st DCA 2003), we stated that, to prove the charge of resisting an officer with violence, the State must establish the following beyond a reasonable doubt:
1. The defendant knowingly and willfully resisted, obstructed, and/or opposed an officer by offering to do violence or doing violence to the officer;
2. At the time the officer was engaged in the execution of legal process or lawful execution of a legal duty; and
3. At the time the officer was an officer as defined by statute.
Id. at 463. The State's information is "plain, concise, and definite," and legally sufficient to satisfy Florida Rule of Criminal Procedure 3.140 (addressing the formats and requirements for indictments and informations) and to afford Young adequate notice of "the essential facts constituting the offense charged." Fla. R.Crim. *727 P. 3.140(b). The information cites the appropriate statute, alleges all the essential facts constituting the offense charged, and tracks the statutory language. See Fla. R.Crim. P. 3.140(d)(1); see State v. Waters, 436 So.2d 66, 68-69 (Fla.1983). The State correctly notes that Young has not cited (nor has our independent research disclosed) any Florida statute or rule that requires an information charging the crime of resisting an officer with violence pursuant to section 843.01, Florida Statutes, to set forth the exact legal duty in which the officer was engaged at the time of the offense. In fact, Johnson, 433 So.2d at 649, supports the State's position and is directly contrary to the trial court's ruling.
The defendant in Johnson initially was charged with resisting arrest by officers with force and violence. Immediately before trial, the State was properly allowed to amend its information to charge that Johnson resisted officers in the lawful execution of a legal duty with violence. Like Young, Johnson argued that the amended information was insufficient because it failed to allege the particular legal duty the officers were performing when Johnson obstructed them. See id. at 649. The Second District Court rejected this argument:
This was not required. The information, couched in the language of the statute, sufficiently expressed the elements of the offense in such a way that the appellant was neither misled nor embarrassed in the preparation of his defense nor exposed to double jeopardy. State v. Dilworth, 397 So.2d 292 (Fla.1981).
Johnson, 433 So.2d at 649. The panel affirmed Johnson's conviction. See id. at 650.
Although two other opinions address a different statute, the State contends these decisions are analogous to the instant case because of the similarities between section 843.01 and section 784.07(2), Florida Statutes (proscribing the knowing commission of an assault or battery upon a law enforcement officer while the officer is "engaged in the lawful performance of his or her duties," and reclassifying upward the degree of the assault or battery). In the first opinion, Street v. State, 383 So.2d 900 (Fla.1980), the defendants were convicted of battery upon a law enforcement officer. See id. The Streets argued that section 784.07 failed to provide sufficient warning as to what conduct renders someone liable to prosecution for the felony, as opposed to ordinary battery. This statute has a scienter requirement, such that the accused must know that the victim is a law enforcement officer. The Streets argued that the phrase "engaged in the lawful performance of his duties" is impermissibly vague. See id. at 901. The Supreme Court of Florida disagreed, stating that "[a]s a matter of common understanding and practice, the statute conveys sufficiently definite warning as to what is proscribed." See id.
After the adequacy of this language in section 784.07(2) was recognized in Street, the Fourth District Court in State v. Gavin, 389 So.2d 338 (Fla. 4th DCA 1980), reviewed the trial court's dismissal of an information charging Gavin with battery upon a law enforcement officer under statutory subsection (2)(b). The dismissal was based on the State's failure to allege in the information specifically what legal duties the officer was performing at the time of Gavin's offense. Citing the recent decision in Street, the district court in Gavin deemed the dismissal to be erroneous and reversed and remanded. See 389 So.2d at 338.
This line of decisions supports the State's position in the trial court and on appeal. The State correctly notes that the specific nature of the officer's execution of *728 a legal duty under section 843.01 is the proper subject of the proof, not the charge. To that end, the State presented evidence establishing that Young committed the charged offense. Officer Robert Kennedy, of the Gainesville Police Department, testified that while on patrol around 7:30 p.m. on April 20, 2004, he observed a southbound green car stop at a stop sign. As an eastbound blue car with the right-of-way approached the intersection, the stopped vehicle pulled in front, nearly hitting the blue vehicle and requiring the driver of the blue vehicle to take evasive action to avoid a collision. The officer effected a traffic stop to investigate whether the driver of the green car was impaired and, possibly, to issue a citation. The officer obtained the driver's license (State's Exh. "A"), which indicated that the driver was Young. Young was cooperative then. As Officer Kennedy stood close by and observed Young attempting to reach into his own right front pocket, the officer asked if Young was carrying any items of concern, such as a gun, bomb, or hand grenade. Young, appearing nervous, answered that he had a bag of "reefer" in his pocket, which Officer Kennedy asked him to hand over. From his drug training, the officer knew the term "reefer" commonly refers to marijuana or cannabis, and he recognized the substance presented by Young as having the distinct appearance of marijuana (State's Exh. "B"). It was a small amount, less than 20 grams.
Officer Kennedy decided to do the following: issue Young a traffic citation for violating the right-of-way; take custody of the drug evidence and issue a criminal citation, or "notice to appear," for possession of cannabis; inform Young of his court date; place him in the patrol car while the paperwork was prepared; and then let him leave. Young calmed down when the officer said he was not going to take him to jail. Intending to handcuff Young and search his person and vehicle incident to arrest, and to check on a problem with Young's temporary tag, Officer Kennedy asked him to exit the vehicle and to turn the other way. As the officer tried to handcuff his wrists, Young swung around, pushed him off with both hands fully extended, and attempted to elude his grasp. The push was hard enough to cause the officer to stumble backward a couple of steps. As Young tried to wriggle free, Officer Kennedy grabbed Young's T-shirt, but Young flailed his arms as the T-shirt came off and he fled into the woods. Officer Kennedy chased Young unsuccessfully and kept his driver's license. Young eventually was tracked to the address on his driver's license.
At the end of Officer Kennedy's testimony, the State rested. Defense counsel argued the information was legally insufficient to place Young on notice of the specific legal duty Officer Kennedy was executing at the time of the offense. Cf. Jaramillo v. State, 659 So.2d 1238 (Fla. 2d DCA 1995) (holding that conviction on charge not contained in State's information constitutes denial of due process). Alternatively, defense counsel contended the State had not made a prima facie case of resisting an officer with violence. The trial court heard further argument of counsel before adjudging Young not guilty on that count. Given the legal sufficiency of the information and the ample evidence presented by the State, the trial court reversibly erred in adjudicating Young not guilty based on an allegedly deficient charging document. See Johnson, 433 So.2d at 649.
Because the purported "JOA" entered by the trial court is actually a dismissal based on the alleged insufficiency of the information, not a decision on the merits, the State is allowed to appeal the dismissal of Count One, and double jeopardy does not bar further proceedings. See Scott, 437 U.S. at 98-100, 98 S.Ct. 2187; United *729 States v. Kennings, 861 F.2d 381, 384-86 (3d Cir.1988); Gaines, 770 So.2d at 1225-26; James, 626 So.2d at 262. The State notes that double jeopardy principles are inapplicable where Young deliberately sought to terminate the proceeding against him after double jeopardy had attached, and on a basis unrelated to his factual guilt or innocence. See Scott, 437 U.S. at 98-99, 98 S.Ct. 2187. Thus, he has shown no cognizable injury under the Double Jeopardy Clause when the State appeals an erroneous ruling. See id.; Lee v. United States, 432 U.S. 23, 32-34, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977); Robinson, 744 So.2d at 1152; James, 626 So.2d at 262. On the other hand, had the trial court entered an actual acquittal of Young on the count in question, the verdict of acquittal would have been final and could not be reviewed "without putting [Young] twice in jeopardy" and thereby violating his constitutional rights. See United States v. Ball, 163 U.S. 662, 671, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); Lee, 432 U.S. at 29-30, 97 S.Ct. 2141; Hudson v. State, 711 So.2d 244, 247 (Fla. 1st DCA 1998).
Accordingly, we REVERSE the trial court's order and REMAND the case for further proceedings.
ERVIN and BENTON, JJ., concur.