ON MOTION TO DISMISS
 

 GROSS, C.J.
 

 The state appeals an order granting Jason Stone’s motion for judgment of acquittal. Stone moves to dismiss the appeal, arguing that the state has no right to appeal a ruling granting a motion for judgment of acquittal after the jury has been sworn, but before a verdict is rendered. We agree with Stone and dismiss the appeal.
 

 Stone was indicted in 2007 for first-degree murder and attempted first-degree murder. At the time he was alleged to have committed these crimes, Stone was on probation, so he was also charged with a probation violation. Stone’s trial on the substantive charges commenced in 2008, but the trial court declared a mistrial. The trial court conducted hearings on Stone’s violations of probation and ultimately revoked his probation. Stone appealed the order revoking his probation. The record on appeal in the probation case includes evidence that the state intended to use in the 2010 murder trial.
 
 [1]
 

 The jury voir dire in Stone’s 2010 trial on the murder charges commenced on January 27, 2010. The jury was sworn on February 1. The state’s case-in-chief was to start the following day. At some point following the jury being sworn, the state discovered that certain unspecified exhibits needed for trial, which were part of the record on appeal in the probation case, were not in the possession of the clerk of the circuit court.
 

 On the morning the state was to begin its case, the prosecutor requested a continuance so he could retrieve some exhibits from the clerk of this court. The state conceded that it had witnesses, including
 
 *281
 
 the victim of the attempted murder, present and ready to testify. Over the course of the day, a protracted dialogue between the trial court and the prosecutor ensued. The court wished to start the trial; the prosecutor adamantly refused to begin presenting the state’s case.
 
 [2]
 
 The trial court denied the state’s motion to continue. Despite requests and warnings from the court, the prosecutor persisted in his refusal to proceed with even his opening statement. After the court made a final demand that the state call a witness, the prosecutor refused to do so. The trial court announced that the state had rested its case. After the court’s pronouncement, Stone moved for a judgment of acquittal, arguing that the state failed to prove a prima facie case on any of the elements of his crimes. The trial court granted the motion.
 

 “[Ujnless expressly provided for by statute, in criminal cases the state is not entitled to appeal adverse judgments and orders.”
 
 State v. Creighton,
 
 469 So.2d 735, 740 (Fla.1985),
 
 receded from on other grounds, Amendments to the Florida Rules of Appellate Procedure,
 
 685 So.2d 773, 774 (Fla.1996). This policy “has deep roots in the common law, for it was generally understood, at least in this country, that the sovereign had no right to appeal an adverse criminal judgment unless expressly authorized by statute to do so.”
 
 Arizona v. Manypenny,
 
 451 U.S. 232, 245, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981). Section 924.07, Florida Statutes (2009), sets forth “strictly limited and carefully crafted exceptions designed to provide appellate review to the state in criminal cases where such is needed as a matter of policy and where it does not offend against constitutional principles.”
 
 Creighton,
 
 469 So.2d at 740. The only mention of a “judgment of acquittal” in the statute is contained in subsection 924.07(l)(j), which provides that “[t]he state may appeal from ... [a] ruling granting a motion for judgment of acquittal
 
 after a jury verdict.”
 
 (Emphasis added).
 

 Section 924.07 is crafted so as not to violate the state and federal constitutional prohibitions against placing a defendant in double jeopardy.
 
 See Hudson v. State,
 
 711 So.2d 244, 246 (Fla. 1st DCA 1998);
 
 State v. Gaines,
 
 770 So.2d 1221, 1225 (Fla.2000) (observing that the Rules of Appellate Procedure take into consideration “the double jeopardy implications that would arise if an appeal were authorized” in certain circumstances). The practical reason for construing the statute in this way is that it would be nonsensical to allow the state to appeal a ruling terminating a prosecution where retrial of a defendant would violate the double jeopardy clause.
 
 See
 
 Amend. V, U.S. Const.; Art. I, § 9, Fla. Const. In
 
 Hudson,
 
 the first district explained why the state’s ability to appeal an order granting a judgment of acquittal
 
 after
 
 a jury verdict does
 
 not
 
 offend double jeopardy principles:
 

 In granting a motion for judgment of acquittal, the trial judge makes a factual determination “at the close of the evidence for the state or at the close of all the evidence in the cause ... [that] the evidence is insufficient to warrant a conviction.” Fla. R.Crim. P. 3.380(a) (1996). When an appeal is taken from a judgment of acquittal that comes after the jury has determined the facts, no question of double jeopardy arises. If the state prevails on an appeal from a post-verdict judgment of acquittal, the jury’s
 
 *282
 
 guilty verdict is reinstated, the trial judge’s contrary determination is set at naught, and the defendant’s position after the appeal is the same as it was before the trial judge granted the motion for judgment of acquittal. No retrial is necessary.
 

 711 So.2d at 246 (alteration in original) (some citations omitted).
 

 Where a judge grants a defendant’s motion for judgment of acquittal at the close of the state’s case, before a jury verdict, there are different constitutional implications. “[T]he Double Jeopardy Clause of the Fifth Amendment prohibits reexamination of a court-decreed acquittal to the same extent it prohibits reexamination of an acquittal by jury verdict.”
 
 Smith v. Massachusetts,
 
 543 U.S. 462, 467, 125 S.Ct. 1129, 160 L.Ed.2d 914 (2005) (citations omitted). A trial court’s order meets the definition an “acquittal” for double jeopardy purposes if it “actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.”
 
 Id.
 
 at 468, 125 S.Ct. 1129 (quoting
 
 United States v. Martin Linen Supply Co.,
 
 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)). In this context, “what matters is that” the judge “evaluated the [ ] evidence and determined that it was legally insufficient to sustain a conviction.”
 
 Id.
 
 at 469, 125 S.Ct. 1129 (quoting
 
 Martin Linen,
 
 430 U.S. at 572, 97 S.Ct. 1349). Conversely, a trial court’s order terminating a prosecution is not an acquittal if it is entered “on a basis unrelated to factual guilt or innocence.”
 
 United States v. Scott,
 
 437 U.S. 82, 98-99, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) (holding that the government may appeal trial court’s dismissal of count in indictment because of prejudice caused by pre-indictment delay without violating double jeopardy principles). The United States Supreme Court has declared that if an acquittal has occurred, double jeopardy bars a retrial even if the acquittal was entered because of an error of law by the trial court. In
 
 Arizona v. Rumsey,
 
 467 U.S. 203, 211, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984), the Supreme Court explained:
 

 In making its findings, the trial court relied on a misconstruction of the statute defining the pecuniary gain aggravating circumstance. Reliance on an error of law, however, does not change the double jeopardy effects of a judgment that amounts to an acquittal on the merits. “[T]he fact that ‘the acquittal may result from erroneous evidentiary rulings or erroneous interpretations of governing legal principles’ ... affects the accuracy of that determination, but it does not alter its essential character.”
 
 United States v. Scott,
 
 437 U.S. 82, 98, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65 [, 79] (1978) (quoting
 
 id.,
 
 at 106, 98 S.Ct., at 2201 [, 57 L.Ed.2d, at 83-84] (Brennan, J., dissenting)). Thus, this Court’s cases hold that an acquittal on the merits bars retrial even if based on legal error.
 

 In this case, jeopardy attached when the jury was “impaneled and sworn.”
 
 Gaines,
 
 770 So.2d at 1225;
 
 Crist v. Bretz,
 
 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). At that point, the trial judge had the general power to control “the mode and order of the interrogation of witnesses and the presentation of evidence.” § 90.612(1), Fla. Stat. (2009). The prosecutor chose not to make an opening statement, call any witnesses, or offer any exhibits in evidence. The trial judge deemed that the state had rested its case, that the trial had reached “the close of the evidence for the state.” Fla. R.Crim. P. 3.380(a). Stone moved for a judgment of acquittal under rule 3.380(a), arguing that the “evidence” was “insufficient to warrant a conviction.” The state had presented no evidence. The trial judge granted the mo
 
 *283
 
 tion. The court's ruling on the defense motion was an “acquittal” within the meaning of subsection 924.07(l)(j); consistent with double jeopardy jurisprudence, it was the ruling of a judge that “actually represented] a resolution, correct or not, of some or all of the factual elements of the offense charged.”
 
 Smith,
 
 543 U.S. at 468, 125 S.Ct. 1129 (quoting
 
 Martin Linen,
 
 430 U.S. at 571, 97 S.Ct. 1349). Because it was not a “ruling granting a motion for judgment of acquittal after a jury verdict,” the ruling was not appealable under section 924.07.
 
 See Hudson,
 
 711 So.2d at 247.
 

 In response to Stone’s motion to dismiss, the state argues that the circuit court’s order is tantamount to a dismissal of his indictment since there was no evidence for the trial court to evaluate, preventing the court from actually making a decision on the merits. If deemed a “dismissal” of the indictment, then the order is appealable under subsection 924.07(l)(a). The state relies on
 
 State v. Young,
 
 936 So.2d 725 (Fla. 1st DCA 2006), and
 
 United States v. Scott
 
 to support its argument. However,
 
 Young
 
 and
 
 Scott
 
 are inapposite because they involve the termination of prosecutions for reasons other than the insufficiency of the evidence.
 

 In
 
 Young,
 
 the defendant moved to dismiss his charge of resisting an officer with violence after the state rested, arguing that the information did not state the officer’s specific duty at the time the offense occurred. 936 So.2d at 726. The trial court granted the motion and entered a “judgment of acquittal” on the charge, even though the defendant had actually moved to dismiss based on a defect in the information.
 
 Id.
 
 at 725-26. The first district determined that it had jurisdiction to hear the state’s appeal under section 924.07(l)(a), holding that the court’s order was “tantamount to a dismissal, [because] it was premised on the trial court’s misper-ception that the [s]tate had failed to set forth a legally sufficient charge [in the information],
 
 not
 
 on the theory that the information was adequate, but, on the merits, the [s]tate failed to establish a prima facie case” for the crime.
 
 Id.
 
 at 726 (emphasis in original). Since the trial court’s order was not a “decision on the merits,” the first district relied on
 
 Scott
 
 to conclude that “double jeopardy principles” were inapplicable.
 
 Id.
 
 at 728-29. In
 
 Scott,
 
 the Supreme Court held that a defendant who deliberately chooses to terminate proceedings against him on a basis unrelated to his factual guilt or innocence does not suffer injury under the double jeopardy clause if the government is permitted to appeal a trial court’s ruling rendered in favor of the defendant. 437 U.S. at 98-99, 98 S.Ct. 2187.
 

 Young
 
 and
 
 Scott
 
 do not control this case. The trial judge’s order was not a “dismissal” appealable by the state, such as those arising under Florida Rule of Criminal Procedure 3.190. The trial court’s order was a decision on the merits of the factual elements of the charges, based on the failure of the state to present any evidence. This case does not involve a non-merits ruling like the one at issue in
 
 Young,
 
 which concerned the defectiveness of the charging document, or in
 
 Scott,
 
 which was based on prejudice to the defendant caused by preindictment delay.
 

 The legal and practical position of the prosecutor in this case is similar to that of the prosecutor in
 
 Downum v. United States,
 
 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963). There, a jury was selected and sworn.
 
 Id.
 
 at 735, 83 S.Ct. 1033. The prosecutor learned that his key witness on some of the charges was not present, so he asked that the jury be discharged.
 
 Id.
 
 The judge discharged the jury over the defendant’s objection.
 
 Id.
 
 
 *284
 
 Two days later another jury was sworn and the defendant was convicted.
 
 Id.
 
 The Supreme Court reversed the conviction holding that the retrial of the defendant violated the double jeopardy clause.
 
 Id.
 
 at
 
 737-38, 83
 
 S.Ct. at 1035. In so ruling, the Supreme Court commented on the dilemma of a prosecutor who finds out that he has witness or evidence problems after a jury is sworn, comments that are applicable to this case:
 

 The fact is that, when the district attorney impaneled the jury without first ascertaining whether or not his witnesses were present, he took a chance. While their absence might have justified a continuance of the case in view of the fact that they were under bond to appear at that time and place, the question presented here is entirely different from that involved in the exercise of the sound discretion of the trial court in granting a continuance in furtherance of justice. The situation presented is simply one where the district attorney entered upon the trial of the case without sufficient evidence to convict. This does not take the case out of the rule with reference to former jeopardy. There is no difference in principle between a discovery by the district attorney immediately after the jury was impaneled that his evidence was insufficient and a discovery after he had called some or all of his witnesses.
 

 372 U.S. at 737-38, 83 S.Ct. 1033 (quoting
 
 Cornero v. United States,
 
 48 F.2d 69, 71 (9th Cir.1931)).
 

 We also distinguish this case from a line of Illinois decisions where the government was unable to proceed with cases and judges denied the prosecution’s motions to continue or dismiss the charges.
 
 See People v. Deems, 81
 
 Ill.2d 384, 43 Ill.Dec. 8, 410 N.E.2d 8 (1980);
 
 People v. Edwards,
 
 97 Ill.App.3d 407, 52 Ill.Dec. 908, 422 N.E.2d 1117 (1981);
 
 People v. Verstat,
 
 112 Ill.App.3d 90, 67 Ill.Dec. 691, 444 N.E.2d 1374 (1983);
 
 People v. Harris,
 
 222 Ill. App.3d 1089, 164 Ill.Dec. 842, 583 N.E.2d 1164 (1991). In these cases, after the denial of the prosecution’s motions, defendants typically waived jury trial and the judges proceeded to swear in a witness so that jeopardy attached and the cases could be dismissed.
 
 [3]
 
 The Illinois cases involve judges who manipulated the attachment of jeopardy where the government had no intention or ability to proceed with a case.
 
 See Deems,
 
 43 Ill.Dec. 8, 410 N.E.2d at 11 (court observed that “ ‘trial’ ” was “a sham, an artifice employed by the trial judge to achieve the result of a dismissal with prejudice for want of prosecution”). Part of the ruling in those cases was based on the idea that the defendant was never placed at risk of being convicted.
 
 Id.
 
 at 10, 410 N.E.2d 8. In this case, there was no such judicial manipulation of the attachment of jeopardy, no design to “dress a dismissal without prejudice in a raiment more protective of a possible double jeopardy defense.”
 
 Gonzalez v. Justices Mun. Court of Boston,
 
 382 F.3d 1, 10 (1st Cir.2004),
 
 cert. granted, judgment vacated,
 
 544 U.S. 918, 125 S.Ct. 1640, 161 L.Ed.2d 474,
 
 adhered to,
 
 420 F.3d 5 (1st Cir.2005);
 
 but see Goolsby v. Hutto,
 
 691 F.2d 199 (4th Cir.1982). The state’s problems with the case arose after the jury had been selected and sworn.
 

 In sum, we hold that the circuit court’s ruling granting a motion for judgment of acquittal before a jury verdict is not one
 
 *285
 
 that the state may appeal under section 924.07. The court’s ruling was based on the state’s failure to present evidence after being given the opportunity to do so, and not on a defect in the indictment or other ground unrelated to factual guilt or innocence. The ruling granted a motion for judgment of acquittal before a jury verdict; it was not an appealable order dismissing an indictment. To allow the state to appeal the judgment of acquittal and reverse the ruling for retrial would be to put Stone twice in jeopardy for the same crimes. Accordingly, the state’s appeal is dismissed.
 

 Dismissed.
 

 STEVENSON and WARNER, JJ., concur.
 

 [1]
 

 . Stone's appeal of the order revoking his probation is currently pending before this court in case number 4D09-2434.
 

 [2]
 

 . The limited record reflects neither why the prosecutor was unable to start at least with an opening statement, nor why the trial judge was insistent that the trial begin on February 2.
 

 [3]
 

 . Unlike Florida, some types of prosecutors in Illinois need the court’s permission to dismiss charges.
 
 See People v. Verstat,
 
 112 Ill.App.3d 90, 67 Ill.Dec. 691, 444 N.E.2d 1374, 1384-85 (1983). Also unlike Florida, it appears that a criminal defendant in Illinois may waive a jury trial without the consent of the state.
 
 See
 
 Fla. R.Crim. P. 3.260.