PER CURIAM.
Joaquin Duarte appeals his final judgment of conviction and sentence. He asserts on appeal that the trial court erred when it instructed the jury, over defense objection, that he could be found guilty of armed burglary where the information failed to allege that he was armed, but instead alleged that he discharged a firearm. He relies upon State v. Rodriguez, 602 So.2d 1270, 1272 (Fla.1992), for the proposition that the failure of the State to properly charge him precludes it from enhancing his sentence. We conclude that the allegation that Duarte discharged a firearm provided a sufficient basis for the trial court’s instruction for armed burglary and a proper basis for enhancement, and therefore affirm.
The State charged Duarte in a thirteen-count information. The front page of the information contains a listing of each individual count, together with a reference to the relevant statutory provisions. Count thirteen is described on the front page as: “13. BURGLARY/ARMED 810.02(2)(b) & 775.087 FI.” In the body of the information, count thirteen alleges that Duarte:
did unlawfully enter or remain in a conveyance, to wit: an automobile, the property of ANTON FORBES and/or CITY OF MIAMI, without the consent of ANTON FORBES and/or CITY OF MIAMI as owner or custodian, the defendant having an intent to commit an offense therein, to wit: THEFT, and during the course of the commission of the offense, said defendant discharged a firearm or destructive device, in violation of s. 810.02(2)(b) and s. 775.087 Florida Statutes....
(Emphasis supplied.)
Section 810.02(2)(b), Florida Statutes (2010), provides in pertinent part:
(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084 if, in the course of committing the offense, the offender:
(b) Is or becomes armed within the dwelling, structure, or conveyance, with explosives or a dangerous weapon;
*315 At its core, a charging document must comport with basic notions of due process by placing a defendant on adequate notice of the specific nature of the criminal charge. See Cole v. Ark, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948); Fulcher v. State, 766 So.2d 243 (Fla. 4th DCA 2000). Procedurally, a defendant may seek dismissal of a charging document that fails to fulfill this requirement. Florida Rules of Criminal Procedure 3.190(c) (2010), provides:
(c) Time for Moving to Dismiss. Unless the court grants further time, the defendant shall move to dismiss the indictment or information either before or at arraignment.... Except for objections based on fundamental grounds, every ground for a motion to dismiss that is not presented by a motion to dismiss within the time hereinabove provided shall be considered waived.
This must be read in conjunction with rule 3.140(o), which provides:
(o) Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information .... unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused arid embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.
These provisions serve to discourage defendants from waiting until after a trial is over (or after the close of the evidence) before contesting deficiencies in a charging document which could have easily been corrected if they had been raised before trial. See DuBoise v. State, 520 So.2d 260, 264 (Fla.1988).
Duarte did not file a motion to dismiss count thirteen as legally insufficient, or otherwise contest its legal sufficiency, until after the close of all the evidence, and after the trial court heard and denied the motion for judgment of acquittal. . The issue was raised for the first time during the charge conference, where Duarte objected to the court’s instruction to the jury on that portion of the standard burglary instruction that directs the jury to consider aggravating circumstances (e.g., that the defendant was armed).[1] Duarte’s failure to file a pretrial motion to dismiss constitutes a waiver of such a defect, unless the objection is based on fundamental grounds or the information is “so vague, indistinct, and indefinite as to embarrass him ... in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.” See Fla. R. Crim. Procedure 3.190(c) and 3.140(o); Mesa v. State, 632 So.2d 1094 (Fla. 3d DCA 1994).
Duarte did not claim below, nor does he claim in this appeal, that the information was so vague, indistinct or indefinite as to embarrass him in the preparation of his defense or expose him to a substantial danger of a new prosecution for the same offense. Nor does Duarte expressly assert *316 that his objection is based upon fundamental grounds. Instead, Duarte contends that the trial court erred when it instructed the jury on a charge of armed burglary, because the information did not allege that he was armed with a dangerous weapon during the commission of the burglary, but instead alleged only that he discharged a firearm[2] in the course of committing the burglary.
Duarte argues that the information thus did not charge an armed burglary. This argument is without merit. Taken together, the description on the front page of the information (“13. BURGLARY/ARMED 810.02(2)(b) & 775.087”); the allegation that, in the course of committing the burglary, Duarte “discharged a firearm”; and the statutory reference to section 810.02(2)(b) within the body of count thirteen, sufficiently alleged that, in the course of committing the burglary, Duarte was or became armed with a dangerous weapon. Coke v. State, 955 So.2d 1216, 1217 (Fla. 4th DCA 2007) (information charging aggravated battery that made specific reference to enhancement statute and alleged that defendant “shot victim in the legs” sufficiently alleged the element of “great bodily harm” allowing for enhancement of sentence); State v. Burnette, 881 So.2d 693, 695 (Fla. 1st DCA 2004) (an information may withstand an untimely challenge to a technical deficiency where a statutory citation for the crime is given, but all elements are not properly charged, or where the wrong or no statutory citation is given, but all elements of the crime are properly charged).
Affirmed.

. The jury was instructed in relevant part:
The punishment provided by law for' the crime of burglary is greater if the burglary was committed under certain aggravating circumstances. Therefore, if you find the defendant guilty of burglary, you must then consider whether the State has further proved those circumstances. If you find that in the course of committing the burglary the defendant was armed, or armed himself within the conveyance with a firearm, you should find him guilty of burglary while armed.
Fla. Std. Jury Instr. (Crim.) 13.1.

. The allegation of "discharged a firearm” was required for the defendant to be eligible for a 20-year mandatory minimum sentence under the "10/20/Life” statute. See 775.087(2)(a)2, Fla. Stat. (2010).