DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

STATE OF FLORIDA,

Appellant,

v.

CHRISTINE HEIDI SCOTT,

Appellee.

No. 2D2025-0446

_____

April 17, 2026

Appeal from the Circuit Court for Sarasota County; David Lee Denkin, Judge.

James Uthmeier, Attorney General, Tallahassee, and Taylor A. Schell, Assistant Attorney General, Tampa, for Appellee.

Christine Heidi Scott, pro se.

MORRIS, Judge.

The State of Florida appeals an order dismissing its information against Christine Heidi Scott for obstructing and resisting without violence. Because we conclude that the original information was legally sufficient, we reverse and remand.

We review de novo a trial court's order dismissing an information. *State v. Morival*, 75 So. 3d 810, 811 (Fla. 2d DCA 2011).

Florida Rule of Criminal Procedure 3.140(b) provides in relevant part that an "information on which the defendant is to be tried shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "Each count of an . . . information . . . shall allege the essential facts constituting the offense charged [and] shall recite the official or customary citation of the statute . . . that the defendant is alleged to have violated." Fla. R. Crim. P. 3.140(d)(1). Additionally, "[e]ach count . . . shall contain allegations stating as definitively as possible the time and place of the commission of the offense charged." Fla. R. Crim. P. 3.140(d)(3). "For an offense that may be committed by doing 1 or more of several acts, or by 1 or more of several means, or with 1 or more of several intents or results, it is permissible to allege in the disjunctive or alternative such acts, means, intents, or results." Fla. R. Crim. P. 3.140(k)(5).

> No . . . information, or any count thereof, shall be dismissed . . . on account of any defect in the form of the . . . information . . . unless the court shall be of the opinion that the . . . information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.

Fla. R. Crim. P. 3.140(o).

"At its core, a charging document must comport with basic notions of due process by placing a defendant on adequate notice of the specific nature of the criminal charge." *Duarte v. State*, 59 So. 3d 313, 315 (Fla. 3d DCA 2011). "An information is sufficient if it tracks the statute . . . ." *State v. Lee*, 651 So. 2d 1221, 1222 (Fla. 2d DCA 1995); *see also State v. Bostic*, 446 So. 2d 264, 265 (Fla. 2d DCA 1984) (concluding in relevant part that the amended information was legally sufficient because it tracked the statutory language); *cf. DuBoise v. State*, 520 So. 2d 260, 265

2

(Fla. 1988) (explaining that where an indictment specifically referenced the statute underlying the charged offense and where the statute "specifically defines all the elements of the offense," the defendant was placed "on adequate notice of the crime being charged" (citing *Cotton v. State*, 395 So. 2d 1287 (Fla. 1st DCA 1981))). "[T]he [S]tate need not present proof with which it intends to establish its case." *Lee*, 651 So. 2d at 1222.

Section 843.02, Florida Statutes (2024), provides in relevant part that

> [w]hoever shall resist, obstruct, or oppose any officer . . . or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree.

Here, the original information provided:

> **COUNT I** CHRISTINE HEIDI SCOTT, on or about August 19, 2024, in Sarasota County Florida did unlawfully resist, obstruct or oppose DEPUTY CASWELL COLEY and/or DEPUTY DANIEL SCHENCK of the Sarasota County Sheriffs Office in lawful execution of a legal duty or in the execution of legal process to-wit lawful investigation and/or arrest and/or giving a lawful order without doing violence to his/her person, contrary to Section 843[.]02 Florida Statute in such case made and provided and against the peace and dignity of the State of Florida.

Following the filing of the original information, Scott filed numerous motions to dismiss on various grounds. The trial court denied the motions but ordered the State to first file a statement of particulars[1] and then to file more specific amended informations to include descriptions of what the officers were attempting to enforce at the time Scott allegedly

---

[1] In response to the trial court's order, the State filed the first amended information.

resisted, obstructed, or opposed. The State endeavored to comply by adding details to the amended and second amended informations. Unfortunately, this complicated matters because as the State added more details and as Scott continued to file motions to dismiss, the trial court insisted that the State keep adding more specific allegations until eventually, after details were added about administrative orders that the officers were trying to enforce when Scott allegedly resisted, obstructed, or opposed, a question was raised about the effective date of the administrative orders.

A hearing was held, and the trial court ultimately granted Scott's motion to dismiss the second amended information without prejudice. The trial court listed multiple deficiencies in the second amended information which the trial court determined resulted in "confusing allegations that make it vague and uncertain for [Scott] to understand the limits of what lawful duties the deputies were engaged in that she is charged with interfering." But the language the trial court took issue with in the second amended information was only included because the trial court repeatedly required the State to add more specific details regarding the nature of the duties that the officers were engaged in. Such details were unnecessary.

This court has previously determined that where an information charged a defendant with resisting an officer in the lawful execution of a legal duty, the information was sufficient despite the fact that it did not allege the particular legal duty the officers were performing at the time the appellant obstructed them. *Johnson v. State*, 433 So. 2d 648, 649 (Fla. 2d DCA 1983). And in *State v. Young*, 936 So. 2d 725 (Fla. 1st DCA 2006), the First District determined that an information that alleged that the defendant knowingly and willfully resisted, obstructed, or opposed an

officer who was in the lawful execution of a legal duty or legal process, by offering or doing violence to the person, was sufficient because it alleged all the essential facts of the charged offense and tracked the statutory language. *Id.* at 727. The court rejected the argument that the information had to allege the exact legal duty that the officer was engaged in at the time the defendant committed the offense. *Id.* The court agreed "that the specific nature of the officer's execution of a legal duty under [the statute] is the proper subject of the *proof*, not the *charge*." *Id.* at 727-28.

The disposition of this case rests not on the trial court's conclusions about the sufficiency of the second amended information. Rather, we must reverse because the *original* information tracked the statutory language and was legally sufficient. The original information was not so vague and indefinite as to mislead Scott or embarrass her in the preparation of her defense. If Scott wanted additional details, she had the option to request a statement of particulars. *See State v. Dilworth*, 397 So. 2d 292, 294 (Fla. 1981) (concluding that the information was not so vague that the defendant was not informed of what he did wrong and noting that if the defendant wanted more details, he had the option to seek a statement of particulars). The trial court's dismissal, which was premised on its insistence of more specificity regarding the nature of the duties that the officers were engaged in, was error.

Reversed and remanded.


BLACK and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.